SMALL *et al. v.* MENDEL, GOSLING & COMPANY.

Where a summons of garnishment was issued, and the garnishee in his answer admitted that he had a fund in his hands, but was unable to state whether the same belonged to the defendant, or to a third person, who, before the filing of·the answer, had, as a claimant of the fund, given bond as required by section 3541 of the code for the dissolution of the garnishment, the court had no jurisdiction, as between the plaintiff and claimant, to proceed to judgment upon the claim bond thus filed, until after a traverse had been filed by one or the other, or both, of the contending parties, and an issue made up as prescribed by section 3542 of the code. In such a case, the mere assertion in the claim bond of title in the claimant did not of itself alone operate as a traverse of an answer which had not then been filed.

August 12, 1895.

Motion to set aside judgment. Before Judge HUNT. Dodge superior court. September term, 1894.

E. A. SMITH, for plaintiffs in error.
DeLACY & BISHOP, *contra.*

ATKINSON, Justice.

The facts necessary to the determination of the questions made in this case may be stated as follows:   Mendel, Gosling & Co. brought suit in the superior court of Dodge county, to the March term, 1893, against E. Johnson, and sued out summons of garnishment directed to and served upon Edgar Gentry.   He answered, that he had in his hands a check of the Liverpool & London & Globe Insurance Company, for $231.83, payable to the order of E. Johnson and A. B. Small, and which came into his hands under the following circumstances:   On January 8th, 1892, said insurance company, through its agents at Eastman, R. D. Gentry & Son, of which respondent was and is a member, issued to E. Johnson an insurance policy, and on August 16th, 1892, a fire occurred, and Johnson made a claim on the insurance company under the policy, which was adjusted for $231.83, for which sum the check was drawn and placed in the hands of respondent for delivery, but had not been delivered when the garnishment was served, and is now held subject to the order of the court.   The insurance company was notified that after the fire and before the garnishment was served, the policy was assigned to A. B. Small, but whether or not it was in fact so assigned respondent does not know.   No traverse was filed to this answer of the garnishee.   Small interposed a claim for the $231.83, and gave a bond to dissolve the garnishment, with B. T. Adams as surety.   Judgment was rendered by default in favor of the plaintiffs against E. Johnson, for $117.48 principal, with interest and costs, March 21st, 1893.   On March 16th, 1894, no traverse having been filed to the answer of the garnishee, a verdict was rendered in favor of plaintiffs against the claimant Small, and the surety on the bond, for the same amount principal, with interest and costs.   Upon this verdict, during the same term, judgment was entered

up. At the September adjourned term, 1894, of the court, Small and his surety filed their petition to set aside the judgment against them, amongst others, upon the special ground that no traverse having been filed to the answer of the garnishee, the court could not proceed to judgment upon the claim bond as against claimant and his surety thereon. The cause was heard, by consent, by the judge without a jury. He overruled the motion and permitted the judgment to stand, to which ruling Small and his surety excepted; and we are now to inquire whether the pleadings are sufficient to sustain the verdict. According to section 3541 of the code, the claimant of a fund in the hands of a garnishee may dissolve the garnishment by giving the bond required by the terms of that section. In order to determine whether the pleadings in the present case were sufficient to justify the judgment against the claimant and the surety on his bond, it will only be necessary to look to the condition of his bond as required by the section of the code now under consideration. The condition of this bond is not that the claimant will pay at any and all events to the plaintiff in execution the sum stipulated in the bond, but his undertaking, according to the express covenant of the bond, is to pay such sum as "may be found due to said defendant upon the trial of any issue that may be formed upon the answer of the garnishee, or that may be admitted to be due in said answer, if untraversed." As a condition precedent to his liability upon the bond, there must be a traverse filed to the answer of the garnishee and an issue formed thereon, or there must be an admission of liability by the garnishee because of the fact that he has effects in his hands belonging to the defendant; and this admission must be untraversed. If the garnishee admits effects, and no traverse is filed, then the plaintiff may proceed to judgment against the claimant and his surety,

If the garnishee admits effects, and the claimant traverses the truth of his answer, the result of the issue formed upon this traverse, if against the claimant, will subject him and his surety to liability upon the claim bond. If, on the other hand, the garnishee denies effects, and the plaintiff, desiring to controvert the truth of his answer, files a traverse thereto, the result of this issue determines the liability of the claimant and his surety upon the claim bond. According to section 3544 of the code, to all subsequent proceedings upon the answer of the garnishee the claimant is a party, and judgment may be rendered against him and his sureties instanter in all cases where the issue upon a traverse of the garnishee's answer is found against the contention of the claimant. There can never be a breach of his bond until the answer of the garnishee is traversed and the issue formed upon the traverse results in favor of the plaintiff, or unless there be an admission by the garnishee of effects belonging to the defendant, and no traverse is filed to this answer by the claimant or other persons. In the latter case no traverse is necessary. In all others, a traverse is indispensable as a basis of a finding against the claimant and his sureties. In the present case, the answer of the garnishee was evidently framed under section 3548 of the code. It was in the nature of an interpleader. He admitted that he had certain effects in his hands, but because of the intricate legal questions involved, was unable to say, as a matter of fact, whether the effects in his hands were the property of the defendant, or of some other person. There was no admission of effects belonging to the defendant, and therefore, under section 3541 of the code, a traverse of the garnishee's answer was necessary. No traverse was filed to this answer by the plaintiff in execution. No issue was joined upon it, but the court proceeded to judgment upon the bond, when, according to its own

terms, there could be no breach of the bond until an adverse finding upon an issue formed upon a traverse to the garnishee's answer. In the absence of a traverse, there was no legal predicate for the judgment, and being unsupported by any pleadings, the circuit judge should have set the judgment aside upon that ground. As the other questions of practice which were made in the record will not again likely arise, their further consideration is not now deemed material.

*Judgment reversed.*