## GORDON *v.* WILSON & GRADY.

*Simmons, C. J.*—1. Where a summons of garnishment is issued and the garnishee answers admitting the possession of effects, and the garnishment is dissolved by a claimant who gives bond under section 3541 of the code, if no traverse is filed to the garnishee's answer, the plaintiff may at the first term after such answer is filed, if he has obtained judgment against the principal defendant, move for a judgment upon the claim bond; but the claimant may, at any time before judgment is entered in favor of the plaintiff upon such bond, traverse under oath the answer of the garnishee and cause an issue to be made thereon.

2. In such a case the filing by the claimant of the bond to dissolve the garnishment is the filing of a claim, there being no requirement of the statute that such claims shall be filed under oath.

3. Even if that portion of section 4162 of the code which requires the filing within ten days of a traverse to the garnishee's answer is still of force, it has no application as between a plaintiff and a claimant in a proceeding under sections 3541, 3542 of the code.              *Judgment affirmed.*

August 10, 1896.

*Certiorari.* Before Judge Falligant. Chatham superior court. December term, 1895.

January 18, 1894, Gordon brought suit against Esteve & Co., returnable to a justice's court on February 20; and sued out summons of garnishment which was served on Gordon & Co. January 22, 1894, Wilson & Grady filed with the justice a bond reciting the bringing of the suit and the service of the garnishment, and the fact that Gordon & Co. had 17 bales of cotton falling within the operation of the garnishment, which was claimed by Wilson & Grady; and conditioned that they should pay to Gordon the sum that might be found due to Esteve & Co., upon the

trial of any issue that might be formed upon the answer of the garnishees, or might be admitted in said answer, if untraversed, to be due to Esteve & Co.    February 20, 1894, judgment was rendered for Gordon against Esteve & Co.    On the same day the garnishees answered, admitting that at the time of the service of the summons they had 17 bales of cotton described, the property of Esteve & Co.    October 27, 1894, Wilson & Grady traversed this answer, averring that the title to the whole of said cotton had been transferred to them by Esteve & Co. prior to the service of the garnishment, and was in them at the time of said service.    Affidavit to the traverse was made by Wilson.    Gordon and the garnishees demurred to the traverse and affidavit, on the grounds:    (1) That Wilson & Grady had failed to make oath of claim, as required by law.    (2) If the affidavit of Wilson be regarded as a claim affidavit, it is insufficient, irregular and uncertain, in that Wilson & Grady aver that they are claimants by the transfer to them of title to the 17 bales cotton by Esteve & Co., without alleging the manner of the transfer or any facts or evidence to support said claim.    (3) The traverse and affidavit are too late, as they should have been filed within ten days after the filing of the answer of the garnishees. The demurrer was sustained and the traverse and affidavit stricken, which judgment was set aside on *certiorari.*

Citations by counsel:    Code of 1895, §§4150, 4153, 4155, 4156, 4611, 4720, 4723, 5856; *Ga. Rep.* 96 - 532; 82 - 605;  80 - 491;  78 - 18;  73 - 131;  72 - 705;  71 - 229; 70 - 390, 741; 68 - 444, 812; 67 - 487; 66 - 350; 64 - 608; 62 - 683; 61 - 389; 59 - 881; 56 - 394; 55 - 410; 52 - 498; 46 - 295; 17 - 299; Endl. Int. Stat. 280, 281, 731.

*MacDonell & Gordon,* for plaintiff.
*Charlton, Mackall & Anderson,* contra.