DAVIS, administrator, *et al. v.* PRINGLE BROTHERS.

Where, in response to a summons of garnishment, issued upon a judgment
and served upon a bank, such bank answers that at the time of the serv-
ice of the summons it had on deposit to the credit of the defendant a
specified sum arising from the collection of a certain draft, indorsed by
the payee and then indorsed and presented by the defendant, such an-
swer is an admission of indebtedness to the defendant. When a claim
to the fund thus admitted by the garnishee to be due the defendant has
been filed by a third party who has given bond to dissolve the garnish-
ment and he fails to traverse the answer of the garnishee, it is not error
for the judge to render judgment against the claimant and his security
on the bond.

Submitted May 17, — Decided July 19, 1899.

Motion to set aside judgment. Before Judge Williams.
City court of Waycross. December 26, 1898.

*John C. McDonald* and *Ward & Smith*, for plaintiffs in error.

SIMMONS, C. J. Pringle Brothers obtained a judgment against
T. J. Davis & Company, T. J., E. L., and W. A. H. Davis.
On this judgment they sued out a summons of garnishment,
which was served on the Bank of Waycross. The bank an-
swered, in substance, that when it was served with the sum-
mons it had on deposit a draft drawn in favor of Mrs. Ora
L. Davis, indorsed by her and W. A. H. Davis, and by the
latter deposited with the bank for collection; that it had been
collected, and the proceeds, $348.50, placed to the credit of W.
A. H. Davis, and so stood to his credit at the day of the serv-
ice. It denied indebtedness to any of the defendants "other
than as above stated." When this answer was filed, a claim
to this fund had been made by J. R. Davis, administrator of
Ora L. Davis, and the garnishment dissolved under section
4720 of the Civil Code. Under this section, when a person
claims a fund in a garnishee's hands, he is required to give a
bond with security in double the amount of the fund claimed,
"conditioned to pay to the plaintiff the sum that may be found
due to said defendant upon the trial of any issue that may
be formed upon the answer of the garnishee, or that may be
admitted to be due in said answer, if untraversed." When
the case came on for a hearing, no traverse to the answer of
the garnishee was filed by either of the parties, and therefore

no issue was formed which could have been submitted for trial to the judge or jury.  The judge decided that, inasmuch as no traverse had been filed to the answer of the garnishee and that answer admitted the possession of effects in the hands of the garnishee, belonging to one of the defendants and standing as a deposit in his name, the claim should be dismissed and judgment rendered for the plaintiffs in fi. fa. against the claimant and his security.

We think that the judgment of the trial judge was right. Under the above-quoted section of the code, where a garnishee answers and either party is dissatisfied with the answer, he must file a traverse thereto, in order to form an issue which can be tried.   If there be no traverse and the garnishee in his answer admits effects in his hands belonging to the defendant, then it is the duty of the court to give judgment against the claimant and his securities on the claim bond for the amount admitted by the garnishee.   This is the code system of a summary trial between the plaintiff in fi. fa. and the claimant of a fund in the hands of the garnishee.   Under this system it is unnecessary to go into equity by petition for interpleader filed by the holder of the fund.   The plaintiff brings the garnishee into court by the summons of garnishment.   The garnishee answers, and either party can traverse this answer and thus make an issue.   The answer of the garnishee in the present case was not, in our opinion, in the nature of a petition for interpleader.   It simply stated that the bank had the fund, and explained how it had obtained it.   We think that it admitted that the bank had funds belonging to one of the defendants, stated that this defendant had deposited to his credit a draft indorsed to him by Mrs. Ora L. Davis, and that the bank had collected the draft and held the proceeds as a deposit in the name of this defendant.   On this admission by the bank, the trial judge did not err in entering up judgment against the claimant and his securities.   If this admission was not true or if the facts stated in the answer were not true, it was the duty of the claimant to traverse the answer, and to show to the jury upon the trial of the traverse that the fund really belonged to the estate of his intestate although she had indorsed the draft

to W. A. H. Davis. Not having traversed the answer of the garnishee, he can not complain of the judgment of the court below against him and his securities. This case differs from that of *Small* v. *Mendel*, 96 *Ga.* 532, in that here the garnishee's answer admitted indebtedness to the defendant; while in that case there was no admission of indebtedness, but on the contrary a statement that the garnishee was unable to state to whom the fund did belong.

*Judgment affirmed. All the Justices concurring.*