## 1601. BOOTH *v.* BROOKE & COMPANY.

1. In a garnishment proceeding, if the garnishee files an answer admitting indebtedness to the defendant, a claimant thereto under the Civil Code, § 4720, can not legally obtain judgment in his favor without filing a traverse to the answer of the garnishee.

2. No claim to the fund impounded by a garnishment can be entertained under the Civil Code, § 4720, after there has been final judgment in favor of the plaintiff against the garnishee.

Certiorari, from Fulton superior court—Judge Ellis. November 28, 1908.

Argued February 11,—Decided June 15, 1909.

*S. D. Johnson,* for plaintiff. *Robert P. Jones,* contra.

POWELL, J. Booth sued Lyon to the December, 1906, term of one of the justice's courts in Atlanta, and thereupon caused summons of garnishment to issue to Jones, requiring him to answer whether he was indebted to Lyon. On January 14, 1907, judgment was rendered in the principal action in favor of Booth against Lyon. On January 21 Jones answered the summons of garnishment under oath, stating that he owed Lyon, at the date of the service of the summons of garnishment, a sum in excess of that recovered by Booth against Lyon in the principal suit. On January 26 Brooke & Company filed what purported to be a claim to the fund, reciting that the indebtedness of Lyon against Jones, which consisted of an open account, had been transferred to them before the institution of the suit and the service of the summons of garnishment. This paper, however, hardly operated as a sta--

tutory claim, as it was not accompanied by the dissolving bond prescribed by the statute; at any rate, when the matter came on for hearing on February 26, they withdrew it. No traverse was filed to the answer of the garnishee, which, as has been said above, admitted indebtedness to the principal defendant; and on February 26 the magistrate rendered judgment in favor of Booth, the plaintiff, against Jones, the garnishee, for the amount of the judgment which had been rendered in the main action. On February 27 Brooke & Company, without moving to open this judgment, filed a statutory claim in garnishment, and gave the prescribed bond. At the March term of the court the plaintiff Booth, in writing, set up the foregoing facts and moved that the claim be stricken. The magistrate overruled this motion, and, after hearing evidence going to show that the account of Lyon against Jones had been transferred to Brooke & Company before the garnishment was served, awarded the money in controversy to the claimant. The plaintiff took the matter to the superior court by certiorari, and there, the foregoing facts appearing, the certiorari, was overruled. To this judgment he excepts.

1. Even if we should hold that the claimants had the right to intervene after the plaintiff had obtained final judgment against the garnishee, we should have to reverse the judgment; because, the answer having admitted an indebtedness from the garnishee to the defendant, the claimants could not legally have secured a judgment in their favor upon their claim, without traversing that answer. *Gordon* v. *Wilson,* 99 *Ga.* 354 (27 S. E. 762); *Small* v. *Mendel,* 96 *Ga.* 532 (23 S. E. 834); *Davis* v. *Pringle,* 108 *Ga.* 93 (33 S. E. 815).

2. But we think that the claim came too late. Final judgment had been rendered against the garnishee. There was no garnishment to be dissolved by the filing of the claim; and it is for this that the statute (Civil Code, §4720) provides. That proceeding was at an end. If what the claimants did in the first instance and before the judgment was rendered was not sufficient to bind them by that adjudication (and that question, not being before us, is not decided), their right of action thenceforth was by suit against Jones, the garnishee. *Rutherford* v. *Fullerton,* 89 *Ga.* 354 (15 S. E. 471). If Jones owed the indebtedness to Brooke & Company, and not to Lyon, it was his duty so to an-

swer; if he did not know to whom the debt was owing, he should have answered accordingly, under the Civil Code, §4727. Since he did neither of these things, the court properly awarded judgment against him; and that judgment conclusively established the fact thenceforth that Jones did owe Lyon a debt in the sum admitted, and that the same was subject to the garnishment, irrespective of whether he was also liable to Brooke & Co. for the same amount. *Rutherford* v. *Fullerton,* supra. See generally, on this subject, 20 Cyc. 1097, 1080, 1131, 1133, 1149. The judgment against the garnishee was conclusive as to every defense which actually was made or which might have been made. *Holbrook* v. *Evansville R. Co.,* 114 *Ga.* 1, 3 (39 S. E. 937).

Under the Civil Code, §4724, the money raised by the process of garnishment is, after final judgment, subject to distribution among the creditors of the main defendant, just as if it had been raised by the levy and sale of his property under execution. But the would-be claimant in this case can gain no comfort from this section, nor from the decisions which have been rendered under· it; for he does not claim to be a creditor of the defendant, but claims as creditor of the garnishee.     *Judgment reversed.*