## FIRST NATIONAL BANK OF LaFAYETTE *v.* CASE THRESHING MACHINE COMPANY.

The dissolution of a garnishment by a person not a party to the proceeding, authorized by the Civil Code (1910), § 5282, discharges the garnishee from further liability upon the filing of a dissolution bond. As the privilege of a stranger to the suit to dissolve the garnishment by bond exists only by force of the statute, a claimant of only a portion of the indebtedness admitted by the garnishee is not entitled, under the statute, to dissolve the garnishment to the extent of the indebtedness claimed.

OCTOBER 15, 1913.

Garnishment and claim. Before Judge Maddox. Walker superior court. November 4, 1912.

*H. P. Lumpkin,* for plaintiff in error.

*Foust & Payne* and *R. M. W. Glenn,* contra.

47

EVANS, P. J.   A garnishment issued upon a pending suit, and the garnishee answered admitting a certain amount of indebtedness.   Judgment was entered against the defendant in the main action; and subsequently a third person, claiming a portion of the money admitted to be due by the garnishee, filed a bond to dissolve the garnishment, and also a traverse of the garnishee's answer. The court allowed a judgment against the garnishee, and the claimant excepts to the same as erroneous on the ground that the issue presented by the claim should have been first heard and determined.   The correctness of the claimant's contention depends upon a statutory permission of a third person to partially dissolve a garnishment.   The right of a stranger to the proceedings to have the garnished property or money released upon giving a sufficient bond does not exist independently of statute.   The general design of such statutes is to enable a claimant by a sort of intervention to supersede the proceedings by giving security to perform the judgment of the court as to the liability of the garnishee.   The statute provides that whenever any process of garnishment is served upon any person, based upon any suit, and there shall be money or property in the hands of the garnishee, which is claimed to be the money or property of any person not a party to the proceeding upon which the garnishment is based, such claimant may dissolve the garnishment by filing in the proper court a bond with good security in twice the amount of the sum claimed in the suit, to be approved by the proper official, conditioned to pay to the plaintiff the sum that may be found due to the defendant upon the trial of any issue that may be formed upon the answer of the garnishee, or that may be admitted to be due in the answer, if untraversed.   The garnishee upon answering shall be discharged from all further liability, and the plaintiff's remedy shall be upon the bond executed to dissolve the garnishment, and the claimant shall be a party to all further proceedings on the garnishment.   Civil Code (1910), §§ 5282, 5283, 5289.   Thus it will be seen that the statute does not contemplate a partial dissolution of a garnishment.   The statutory scheme is to substitute the claimant's bond for the garnishee's liability to the defendant, and to eliminate the garnishee from the case upon the filing of a dissolution bond.   After the garnishment is dissolved, either the plaintiff or claimant may traverse the garnishee's answer; and if on the trial of the traverse it is found that

the garnishee is indebted in a larger sum than admitted in the answer, the plaintiff may recover of the claimant and his sureties on the dissolution bond the amount of such indebtedness, to the extent of his judgment against the defendant. Civil Code, § 5289. This and other provisions of the garnishment statutes make it clear that the General Assembly never contemplated a partial dissolution of a garnishment. However desirable it might be to provide for partial dissolution, no statutory provision has been made for it; and it is not within the power of courts to amend the statute in this respect. The dissolution bond in the instant case did not fulfill the requirement of the statute, and the court did not err in so treating it, and in rendering judgment against the garnishee for the amount admitted in his answer to be due to the defendant.

*Judgment affirmed.   All the Justices concur.*