6274.   HARRIS *v.* EXCHANGE BANK OF FORT VALLEY.

RUSSELL, C. J.  1.  "The averments of facts in a garnishee's answer must be taken as true unless traversed." *Darlington* v. *Belt*, 12 *Ga. App*. 522 (77 S. E. 653). Where a garnishee, in his answer, neither admits nor denies indebtedness, but sets forth facts from which no other legal or plausible conclusion can be drawn than that he is indebted in a specified amount to the defendant in the main proceeding, it is not necessary for the plaintiff to traverse the answer, in order to subject to his claim the funds in the hands of the garnishee. To traverse is to deny, and one is not required to deny a statement in conformity with that which he affirms to be true.

2. The garnishee having admitted indebtedness, no traverse was necessary in order for judgment to be legally entered against him for the amount so admitted to be owing to the defendant at the time the garnishment was served. The only other claimant of the fund being bound by a judgment finding against this, and the defendant in the main action having admitted his indebtedness to the plaintiff, under the pleadings in this case no other judgment than that rendered could legally have been entered; and a correct judgment will not be reversed for mere informalities.                    *Judgment affirmed.*

DECIDED FEBRUARY 10, 1916.
ON REHEARING MARCH 4, 1916.

Motion to vacate judgment; from city court of Houston county —Judge Riley. May 28, 1914.

*Duncan & Nunn,* for plaintiff in error.  *R. E. Brown,* contra.

ON REHEARING.

RUSSELL, C. J.  It is insisted by counsel for the plaintiff in error that this court has overlooked the decisions in *Small* v. *Mendel,* 96 *Ga*. 532 (23 S. E. 834), as well as in *King* v. *Carhart,* 18 *Ga*. 650. This court fully recognizes the duty of the plaintiff in garnishment to traverse the answer of a garnishee unless there is an admission of indebtedness on the part of the garnishee; but as we construe the answer of the garnishee in the present case, there can be given to it but one reasonable construction,—viz., that it is an admission that he was indebted to the plaintiff in garnishment the difference between the original amount due by him to

the plaintiff upon an account for certain crates purchased of the plaintiff and the amount paid out at the plaintiff's instance. The answer of the garnishee, so far as is here material, was as follows: "3. In order to lay the matter fully before the court, this garnishee sets out in full his following transactions in connection with J. M. Greene, for such direction as the court may see fit to give: In the spring of 1912 this garnishee bought from J. M. Greene about 10,000 peach-crates, which crates were shipped to this garnishee by the King Lumber Manufacturing Co. of Nocatee, Fla. When the bill for the crates became due in August, 1912, this garnishee was not at that time in position to settle for same, payment for same being requested of him by said J. M. Greene. Shortly thereafter the said Greene sent this garnishee word to deposit the amount of the bill to his, the said J. M. Greene's, credit in the Exchange Bank of Fort Valley, which request was not complied with. Shortly thereafter a representative of the King Lumber and Manufacturing Company called on this garnishee in Fort Valley, and, upon telegraphic advice from J. M. Greene to do so, this garnishee settled with King Lumber and Manufacturing Company for $1,901.00 worth of said crates, being the entire amount owing for said crates except the sum of $825.00, which this garnishee still owes to some one for the crates, and this garnishee avers his willingness to settle said amount with whomsoever the court may direct him to pay." This amounts merely to a statement that he was at one time indebted to Greene, the plaintiff, for the purchase-price of 10,000 crates, that he paid at Greene's instance a portion of the bill, and now does not know to whom to pay the balance. Since, under the facts stated, nothing has arisen to change his relation to Greene from what it was in the first instance, it necessarily resulted, as a matter of law, that he was as much indebted to Greene for this unpaid balance as he was (theretofore) for the portion paid; and the trial court correctly construed the answer as an admission, notwithstanding paragraphs 1 and 2. The case, we think, was correctly decided under the principle stated in *King* v. *Carhart,* supra, in which it is held that where there is an admission of indebtedness, a traverse is not required. For this reason the judgment heretofore announced is adhered to.