### 8475. SAM WEICHSELBAUM COMPANY *v.* ALLEN.

The fire-insurance company having, in its answer to the summons of garnishment, admitted indebtedness to the defendant as an individual, and not as head of a family, and no traverse being filed, the court erred in holding that the fund in question, which was the amount due on a policy issued to the defendant in his own name, was not subject to the garnishment; although the insured property had been set apart as an exemption for the benefit of the defendant's family.

DECIDED JUNE 14, 1917.

Appeal; from Laurens superior court—Judge Kent. January 25, 1917.

*Chappell & Burch,* for plaintiff in error.

*R. Earl Camp,* contra.

GEORGE, J. This case originated in a justice's court, and on appeal was submitted to the judge of the superior court upon an agreed statement of facts, from which it appeared: that the plaintiff in error obtained a judgment in a justice's court against the defendant, A. O. Allen, on March 19, 1915, for $87.82 principal, besides interest and costs. Summons of garnishment issued and was served on the DuQuesne Fire Insurance Company, and the insurance company answered the summons, admitting that it had in hand the sum of $153 belonging to A. O. Allen, the same being in the form of a check payable to A. O. Allen. No traverse was filed. A. O. Allen, on October 27, 1914, as the head of a family, had certain household and kitchen furniture set apart to him as a special exemption for the benefit of his family. Allen obtained a policy of fire insurance on the property. The policy was issued

in the name of A. O. Allen, and he paid the premium thereon. The household and kitchen furniture so set apart to Allen as the head of a family was destroyed by fire, and he made proof of the loss in his own name, and not as the head of a family. The $153 in the hands of the insurance company was the amount due under the policy. Allen, as the head of a family, filed a claim to the money, and gave bond to dissolve the garnishment, claiming that the said money belonged to him as the head of his family, under the special exemption as aforesaid, and not to him individually, and therefore was not subject to said garnishment. *Held,* that the answer of the insurance company is an admission of indebtedness to the defendant; and, no traverse having been filed to this answer, the court erred in entering a judgment finding the money not subject. *Davis* v. *Pringle,* 108 *Ga.* 93 (33 S. E. 815); *Booth* v. *Brooke,* 6 *Ga. App.* 299 (64 S. E. 1103).

    *Judgment reversed. Wade, C. J., and Luke, J., concur.*