## 9005. CANTON FERTILIZER COMPANY *v.* HUNT.

1. There is no merit in the motion to dismiss the bill of exceptions on the ground that the sheriff was not made a party thereto.
2. No traverse of the answer of the garnishee having been filed by the claimant, the court erred in not sustaining the motion to dismiss her intervention, and in directing a verdict in her favor.

DECIDED DECEMBER 13, 1917.

Claim; from Cherokee superior court—Judge J. B. Jones presiding. May 9, 1917.

The Canton Fertilizer Company, holding a fi. fa. against E. M. Hunt & Company, T. J. Hunt, and J. G. Hunt, had summons of garnishment served on Spears, sheriff. In his first answer the sheriff said he had $500 in money belonging to T. J. Hunt, one of the defendants; but in his answer as amended he denied indebtedness to the defendants, and made allegations in the nature of an interpleader, the substance of which is, that a bank check for $500 had been placed in his hands by T. J. Hunt as security for the appearance of J. G. Hunt at the August term, 1914, of Cherokee superior court, and from term to term thereafter until a criminal case against J. G. Hunt should be finally disposed of; that the check, which was signed by Mrs. S. F. Hunt, had been cashed on the sheriff's indorsement, and the money was in his hands; and that, so far as he knew, no indictment had been returned in said matter up to the time of the answer. Mrs. S. F. Hunt filed an intervention, asking to be made a party, and setting up, briefly, that she was the mother of J. G. Hunt; that the bank check was turned over to her husband, T. J. Hunt, to be turned over to the sheriff as security for the appearance of her son, J. G. Hunt, to answer a criminal charge against him; that said money was her individual money; that neither of the defendants had any interest in it; and she prayed that it be awarded to her. This petition was not sworn to. The judge of the superior court passed an order making her a party claimant. At the trial the plaintiff in fi. fa. made a motion to dismiss the claim filed by Mrs. Hunt, for the reasons that (a) the garnishee admitted having in his possession the sum of $500 under the conditions above stated, and this answer had never been traversed by the claimant; and (b) the claimant had never given bond and dissolved the garnishment, neither had she filed a claim and given a forthcoming bond, or filed a claim and given a pauper affidavit, as provided by law, and (c) she had not filed any claim under oath, and was not, under the law, a party. The motion was overruled, and to this the plaintiff in fi. fa. excepted. The claimant assumed the burden of proof, and on hearing the evidence the court directed a verdict awarding the $500 in question to the claimant; to which the plaintiff in fi. fa. excepted.

*G. I. Teasley, Howell Brooke, Anderson & Roberts,* for plaintiff.
*W. W. Stark, W. D. Mills,* contra.

HARWELL, J. (After stating the foregoing facts.)

"Before a claimant becomes a party. to a garnishment suit, he must file a claim to the property apparently belonging to the defendant, in the hands of the garnishee, or he must give a bond to dissolve the garnishment, under the provisions of the Civil Code" (1910), § 5282. *Drought* v. *Poage, 3 Ga. App.* 178 (3) (59 S. E. 728). "Where . . the garnishee in his answer admitted that he had a fund in his hands, but was unable to state whether the same belonged to the defendant, or. to a third person, who, before the filing of the answer, had, as a claimant of the fund, given bond as required by . . the code for the dissolution of the garnishment, the court had no jurisdiction, as between the plaintiff and the claimant, to proceed to judgment upon the claim bond thus filed, until after a traverse had been filed by one or the other, or both, of the contending parties, and an issue made up as prescribed by the code," § 5283. *Small* v. *Mendel, 96 Ga.* 532 (23 S. E. 834). Upon the answer of the sheriff the court should not have directed a verdict in favor of the claimant. The answer of the garnishee was in the nature of an interpleader, setting out the facts. It stated that he did not know. to whom the money belonged, but that he held it subject to the order of the court. We think the answer. showed that the fund belonged to T. J. Hunt, as the check was turned over to the sheriff by him, though signed by Mrs. Hunt; it was in the possession of T. J. Hunt when turned over to the sheriff, and possession is prima facie evidence of ownership. No bond was given to dissolve the garnishment, as required by § 5282 of the Civil Code (1910). No claim was filed by Mrs. Hunt, unless the intervention filed by her can be treated as such, and we think it can be so treated. See *Gordon* v. *Wilson, 99 Ga.* 354 (27 S. E. 762). No traverse of the garnishee's answer was filed by the claimant. The answer of the garnishee is taken to be true until traversed; and under the answer of the garnishee, until traversed by the claimant and an issue made thereon, the court could not direct a verdict in favor of the claimant. We think, therefore, no traverse having been filed by the claimant, that the court erred in not sustaining the motion of the plaintiff in fi. fa. (now plaintiff in error) to dismiss the intervention attempted to be.

made by the claimant, and in directing a verdict in her favor. *Davis* v. *Pringle,* 108 *Ga.* 93 (33 S. E. 815); *Gordon* v. *Wilson,* supra; *Sam Weichselbaum Co.* v. *Allen,* 20 *Ga. App.* 204 (92 S. E. 1014); *Booth* v. *Brooke,* 6 *Ga. App.* 299 (64 S. E. 1103); *Harris* v. *Exchange Bank,* 17 *Ga. App.* 700 (88 S. E. 40).

Judgment reversed. *Broyles, P. J., and Bloodworth, J., concur.*