11754, 11755.   Mixon *v.* Lacey; and *vice versa.*

STEPHENS, J.  1.  Upon the trial of an issue formed between a plaintiff in an attachment upon which a garnishment has issued and a claimant to a fund which the garnishee in his answer admits that he holds as the property of the defendant in attachment, where the evidence of the garnishee tends to show that the fund belonged, at the time of the levy, to the defendant in attachment, it is error to nonsuit the plaintiff and dismiss the attachment upon the ground that the plaintiff has failed to carry the burden of proof which rests upon the plaintiff in a claim case where the property levied upon was not at the time of the levy in the possession of the defendant in fi. fa.

2. The written correspondence between the garnishee and the defendant in attachment, which was conducted prior to the issuance of the attachment and which was admitted in evidence, tended to establish a contractual relation between the parties and to show a sale of goods from the defendant in attachment to the garnishee which would authorize the inference that the garnishee was indebted to or held funds belonging to the defendant in attachment. Such of the correspondence as consist-

ed of letters from the defendant in attachment to the garnishee were more than mere declarations by him in favor of his title, and their admission in evidence therefore was not subject to objection upon the ground that they were mere declarations in favor of his title.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 26, 1921. REHEARING DENIED APRIL 14, 1921.

Levy and claim; from city court of Valdosta — Judge Cranford. July 14, 1920.

The defendant's letters referred to in paragraph 2 of the decision were as follows:

"Anniston, Ala., Oct. 23, 1919. The Davis Fur. Co., Valdosta, Ga. — Gentlemen: I have about fifty new spring cots with mattresses and nice feather pillows am offering four dollars each f. o. b. Anniston. The mattresses alone are worth four dollars each and you can easily realize eight dollars each on them. Let me hear from you at once. Yours truly, B. L. Hall, 2012 Gurnee Ave."

"Anniston, Ala., October 27, 1919. W. J. Davis, Valdosta, Ga. — Dear Sir: Your letter 25th inst. received, and will say in reply there are about five steel cots and about forty or forty-five spring wooden frame cots size of mattresses 2½x6 weight from 12 to 14 pounds with feather pillows 17x25 about 2½ pounds. Advise by wire if you want us to ship at four dollars each F. O. B. Anniston. Yours truly, B. L. Hall."

"Anniston, Ala., Nov. 3, 1919. W. J. Davis, Valdosta, Ga. — Dear Sir: Inclosed you will please find bill of lading for forty-five cots, mattresses and pillows at four dollars ($4.00) per amount to one hundred and eighty ($180.00) dollars. Am inclosing you bill from O'Shield Transfer Co. for the packing and draying of the above cots, which makes a total of one hundred and ninety-five ($195.00) dollars, which please mail me a check for at once, as I may not be in Anniston but a few days. I am figuring on some office furniture here, such as tables and chairs. Let me know if you would be interested in them. Thanking you for your immediate attention, I remain, Yours very truly, B. L. Hall."

The garnishee testified to receiving these letters and the goods mentioned therein, that the offer made in the second letter was

accepted by him, and that he still owed the purchase-price of the goods.

*Dan R. Bruce,* for plaintiff.

*Patterson, Copeland & Slater,* contra.