*E. L. Forrester,* contra.

---

14907. GENERAL MOTORS ACCEPTANCE CORPORATION *v.* BANK OF VALDOSTA.

BELL, J. 1. In a contest, under the provisions of the Civil Code (1910), § 5290, between two creditors holding junior and senior common-law judgments respectively against a common debtor, for the distribution of a fund within the power of the court under the process of garnishment, the court did not err in awarding the fund to the holder of the junior judgment, it appearing that, pending its suit, it had procured the garnishment to issue, that the process was served, and the garnishee's indebtedness accrued, before the date of the senior judgment. The question was not merely who held the older judgment, but the perfected lien of the garnishment was also to be considered, and this, being first in date, was entitled to priority. Ga. L. 1901, p. 55 (Civil Code of 1910, § 5273); *Citizens National Bank* v. *Dasher,* 16 *Ga. App.* 33 (84 S. E. 482); *Light* ·v. *Hunt,* 17 *Ga. App.* 491 (2) (87 S. E. 763). The rule was different, however, before the passage of the act just cited. *Garrard* v. *Moffett,* 51 *Ga.* 94. This act does not appear to have been construed in *Patterson* v. *Beck,* 133 *Ga.* 701 (2) (66 S. E. 911).

2. So much of the "intervention" of the holder of the senior judgment as sought an award of the fund because of an alleged assignment to it of the policy of insurance upon which the indebtedness of the garnishee arose was in the nature of a claim, declaring the garnishee indebted to the claimant, and not to the common debtor, as the garnishee had alleged in its answer, and thus was fatally defective, for the reason (if not for others as well) that the claimant did not traverse the garnishee's answer. *Booth* v. *Brooke,* 6 *Ga. App.* 299 (1) (64· S. E. 1103); *Davis* v. *Pringle,* 108 *Ga.* 93 (33 S. E. 815); *Gordon* v. *Wilson,* 99 *Ga.* 354 (1) (27 S. E. 762). Therefore, no issue in regard to the sufficiency of the assignment of the policy was made in the court below, and none arises here. The proceeding could only be treated as one to distribute according to priority, and not as a claim, and the judgment of the trial court, as stated in the preceding paragraph, was the only correct conclusion that could have been reached under the record.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923,

Garnishment; from city court of Valdosta—J. G. Cranford, judge pro hac vice. June 30, 1923.

*George E. Simpson,* for plaintiff in error.

*Franklin & Langdale,* contra.