### 15612. BULLOCK v. BUTTS et al.

BELL, J. 1. Under the Civil Code, § 5282, a third person, as claimant, may become a party to garnishment proceedings, by filing a bond to dissolve the garnishment, as therein prescribed, which bond operates as a claim. Gordon v. Wilson, 99 Ga. 354 (2) (27 S. E. 762).

2. Whether or not it be permissible, under the law, for a third person to become a party claimant to a garnishment proceeding by filing a claim under section 5157 of the Civil Code (1910), providing for claims by third persons where property is levied upon under process (Drought v. Poage, 3 Ga. App. 178 (3), 59 S. E. 728), it would be essential to the validity of such claim that a damage bond be given (Civil Code, § 5158), or an affidavit in forma pauperis filed (Civil Code, § 5164) when the claim is interposed. Hand v. Hall Merchandise Co., 91 Ga. 130 (2) (3) (16 S. E. 644).

3. Where, in connection with a purported claim to property impounded by garnishment, no bond of any sort was ever given, either under § 5158 or under § 5282 of the Civil Code, nor an affidavit in forma pauperis filed under § 5164, and where no reason for equitable intervention appeared (assuming that under some circumstances a proper case for such an intervention might be made,—National Bank of Augusta v. Printup, 63 Ga. 570 (2); First National Bank of LaFayette v. Case Threshing Machine Co., 140 Ga. 737, 79 S. E. 781), such "claim" or "intervention" was a nullity, and the court erred in refusing to dismiss it on timely and proper motion by the plaintiff in garnishment. Gordon v. Wilson, supra; Hand v. Hall Merchandise Co., supra.

4. The claimant in such case never became a party to the garnishment proceedings and could not move the dismissal thereof for any reason. Compare Civil Code (1910), §§ 5283, 5289; Florida Coca-Cola Bottling Co. v. Ricker, 136 Ga. 411, 417 (71 S. E. 734); Leake v. Tyner, 112 Ga. 919 (38 S. E. 343); Rossiter MacGovern & Co. v. Carrollton Electric Light Co., 5 Ga. App. 393 (1) (63 S. E. 233); Wright v. Brown, 7 Ga. App. 389 (1) (66 S. E. 1034); Wingo v. Johnson, 119 Ga. 486 (46 S. E. 669); Roney v. McCall, 128 Ga. 249 (1) (57 S. E. 503). Otherwise if the claimant had by appropriate proceedings become a party. Callaway v. Maxwell, 123 Ga. 208 (1) (51 S. E. 320).

5. Under the ruling of the preceding paragraph the court erred in dismissing the garnishment proceedings on the ground that the plaintiff therein would not accept the burden of proof,—irrespective of where such burden would have lain if the claim had been valid and one or both of the parties had traversed the garnishee's answer. See Mixon v. Lacey, 26 Ga. App. 542 (1) (107 S. E. 259); Jackson v. Campbell, 23 Ga. App. 642 (1) (99 S. E. 155).

6. Furthermore, the garnishee's answer as to certain property in his possession not showing to whom it belonged, and not being traversed by either the plaintiff or the claimant, there was *no issue or case* for trial between them, and therefore no burden to be assumed by either. *Small* v. *Mendel*, 96 *Ga.* 532 (23 S. E. 834); *Booth* v. *Brooke*, 6 *Ga. App.* 299 (1) (64 S. E. 1103); *Darlington* v. *Belt*, 12 *Ga. App.* 522 (2) (77 S. E. 653); *Harris* v. *Exchange Bank*, 17 *Ga. App.* 700 (2) (88 S. E. 40); *Davis* v. *Pringle*, 108 *Ga.* 93, 95 (33 S. E. 815); *General Motors Acceptance Corp.* v. *Bank of Valdosta*, 31 *Ga. App.* 475 (2) (120 S. E. 794); *Canton Fertilizer Co.* v. *Hunt*, 21 *Ga. App.* 424 (2) (94 S. E. 596); *Holmes* v. *Venable*, 27 *Ga. App.* 431 (1) (109 S. E. 175). Ordinarily, the party filing a traverse in such a case would have the burden of sustaining it. Civil Code (1910), §§ 5283, 5746.

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED OCTOBER 16, 1924.

Garnishment and claim; from Fulton superior court—Judge Humphries. April 12, 1924.

*C. N. Anderson, Boyd C. Moss,* for plaintiff.