22690. Hamilton *v.* Hardwick.

Stephens, J. 1. Where a plaintiff in garnishment, after having obtained judgment against the defendant and also a judgment upon the bond given by the defendant to dissolve the garnishment, came at a subsequent term of court and moved to set aside the judgment upon the ground that it was void because a judgment had not been obtained against the garnishee, who had in the answer admitted an indebtedness to the defendant, it was no ground of objection that the motion to set aside the judgment was not made during the term at which the judgment was rendered, but was made at a subsequent term of court, where the motion was made within the period of limitation. *Maddox Coffee Co.* v. *McHan*, 22 *Ga. App.* 198 (95 S. E. 736). The court therefore did not err in overruling the defendant's demurrer.

2. Whether a fund recovered by a widow for damages for the homicide of her husband, which, as provided in section 4425 of the Civil Code of 1910, she held "subject to the law of descents, as if it were personal property descending to the widow and children from the deceased," was, by reason of this provision of the statute or otherwise, exempt from the process of garnishment for the payment of the widow's individual debt, in a suit against the widow, where the garnishee, a bank, answered that it was indebted to her in a certain amount, a claim to the fund, interposed by her upon the ground that it represented an amount recovered by her as a widow for the benefit of herself and the three minor children of her deceased husband, as damages for his homicide, and was for this reason exempt from garnishment, was properly stricken on demurrer, where it appeared that the garnishee's answer had admitted generally an indebtedness to the defendant, and the defendant, as the claimant to the fund, had not given bond to dissolve the garnishment and had not traversed the garnishee's answer. Civil Code (1910), §§ 5282, 5283; *Gordon* v. *Wilson*, 99 *Ga.* 354 (27 S. E. 762); *Davis* v. *Pringle*, 108 *Ga.* 93 (33 S. E. 815); *Booth* v. *Brooke*, 6 *Ga. App.* 299 (64 S. E. 1103); *Sam Weichselbaum Co.* v. *Allen*, 20 *Ga. App.* 204 (92 S. E. 1014); *Canton Fertilizer Co.* v. *Hunt*, 21 *Ga. App.* 424 (94 S. E. 596); *Goldstein Bros.* v. *Brown*, 27 *Ga. App.* 348 (2) (108 S. E. 256); *General Motors Acceptance Corp.* v. *Bank of Valdosta*, 31 *Ga. App.* 475 (2) (120 S. E. 794).

3. A judgment against a widow, in a suit against her to recover for the funeral expenses of her late husband, is an adjudication that the debt is a debt of the widow. A claim to a fund caught by the judgment creditor by garnishment, interposed by the defendant upon the ground that the fund represents an amount recovered by her as damages for the homicide of her husband, which, as provided in section 4425 of the Civil Code of 1910, is not "subject to any debt or liability of any character of the deceased husband," and for this reason is exempt from garnishment for the satisfaction of the indebtedness sued on, is without merit, because the indebtedness is her individual debt and not that of her husband. The claim in this case therefore was properly stricken on demurrer.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 15, 1933.

*Randall Evans Jr.,* for plaintiff in error. *J. Q. West,* contra.

