## 23804. ALLEN *v.* ATLANTA FURNITURE COMPANY.

JENKINS, P. J. 1. Section 67 of the bankruptcy act provides that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved for the benefit of the estate as aforesaid." In the absence of such an order from the bankruptcy court, the lien is "rendered null and void." *Finney* v. *Knapp*, 145 *Ga.* 400 (89 S. E. 413). Under section 14 of the bankruptcy act, a person is not entitled to apply for and obtain a discharge where he has "been granted a discharge in bankruptcy within six years."

558

1 Collier on Bankruptcy (13th ed.), p. 471; act of May 27, 1926, § 6 (Pub. Acts No. 301, 69th Cong.) But this provision affects the right to a discharge rather than the validity of the adjudication. "The bankruptcy court has jurisdiction to administer a debtor's estate, although he has been granted a discharge within six years, whether a discharge is or is not applied for, or can or can not be granted." 7 Remington on Bankruptcy (4th ed.), 593, § 3350. "Under the terms of section 67 f of the bankruptcy act, it is not the discharge of the bankrupt but the adjudication which avoids the lien." *Roberts* v. *Seanor*, 46 *Ga. App.* 5 (6) (166 S. E. 375). Accordingly, where a claimant, under the Civil Code (1910), § 5282, dissolved a garnishment and obtained the fund admitted to be due in the garnishee's answer by filing a bond conditioned to pay to the plaintiff creditor such amount as should be found to be due to the defendant upon a trial of the claimant's traverse setting up that the money which the answer admitted to be due was due to, himself, the bond was substituted in lieu of the fund, and the subsequent adjudication of the defendant as a bankrupt within less than four months after service of the garnishment summons, although within six years after his previous discharge, rendered void the levy, lien, and bond. *Roberts* v. *Seanor*, supra; *Barnes* v. *Snyder*, 33 *Ga. App.* 501 (126 S. E. 863). See also *Alvaton Mercantile Co.* v. *Caldwell*, 156 *Ga.* 317 (119 S. E. 25); *Equitable Credit Co.* v. *Miller*, 164 *Ga.* 49 (137 S. E. 771); *Anderson* v. *Ashford*, 174 *Ga.* 660 (163 S. E. 741); *Light* v. *Hunt*, 17 *Ga. App.* 419 (87 S. E. 763); *Longshore* v. *Collier*, 37 *Ga. App.* 450 (140 S. E. 636); *Shabaz* v. *Henn*, 48 *Ga. App.* 441, 443 (173 S. E. 249); *National Surety Co.* v. *Medlock*, 2 *Ga. App.* 665, 670-673 (58 S. E. 1131). The claimant would not be precluded from asserting the invalidity of the bond against the plaintiff creditor because of the rulings in *Coker* v. *Utter*, 152 *Ga.* 157 (108 S. E. 538); *Pentecost* v. *Elder*, 162 *Ga.* 504 (134 S. E. 171); *McBride* v. *Gibbs*, 148 *Ga.* 380 (96 S. E. 1004); *Equitable Credit Co.* v. *Miller*, 164 *Ga.* 49 (2) (137 S. E. 771), *Albany &c. Ry. Co.* v. *Dunlap Hardware Co.*, 8 *Ga. App.* 171, 177 (68 S. E. 868), and similar cases, all following *McKenney* v. *Cheney*, 118 *Ga.* 387 (4) (45 S. E. 433), in which it was held that "the effect of 67 f of the bankruptcy act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him, in order that the property may pass to and be distributed among the creditors of the bankrupt." The basis, as well as the application, of this ruling appears in the language immediately preceding: "Where an exemption is set apart under the State law, the trustee in bankruptcy acquires no title to the exempt property. Under the national bankruptcy act, the bankrupt court is without authority or power to administer property set aside as exempt under the constitution of this State." The lien would not be avoided as against the exempt property, because the property did not and could not "pass to the trustee as a part of the estate of the bankrupt," as provided by section 67 f. All of the cases last cited involved either a bankrupt's homestead or exemption, or a title to property, or other right, which could not pass to the trustee for distribution to the general creditors either by the dissolution or the preservation of the lien. In *Spradlin* v. *Kramer*, 146

*Ga.* 396, 399 (91 S. E. 409), the ruling in the *McKinney* case was applied in the case of notes secured by a deed, and it was held: "In analogous cases it has been uniformly held that a court of bankruptcy acquires no jurisdiction of exempt property. . . A security deed passes title . . When [the bankrupt] was adjudicated a bankrupt he had no legal title to the land, and therefore the bankruptcy court acquired no jurisdiction of this property or of the lien thereon." On the contrary, in the instant case, the fund garnished and which the garnishee's answer admitted to be due, was such as, under section 67 f, would have passed to the trustee and creditors as a part of the defendant's bankruptcy estate. The trial court therefore erred, upon these contentions of the claimant, in refusing to grant his motion to set aside the judgment rendered against him on his bond.

2. Moreover, in the instant case, the plaintiff, for an additional reason, would not be entitled to the judgment on the bond. When a claimant in a garnishment enters a traverse, setting up that the sum answered by the garnishee to be due to the defendant was in fact due to the claimant, and files the bond conditioned, as the statute provides in such cases, to pay to the plaintiff the sum that may be found due to the defendant upon the trial of the issue formed by the traverse of the garnishee's answer, a determination of such issue is a necessary legal prerequisite to a valid judgment against the claimant upon the bond. Civil Code (1910), §§ 5282, 5283; *Small* v. *Mendel*, 96 *Ga.* 532, 535 (23 S. E. 834); *Garden* v. *Crutchfield*, 112 *Ga.* 274, 276 (37 S. E. 368). The traverse in such case can not be treated as invalid because it was not verified or accompanied by a sworn claim as in ordinary claims to property levied on by execution. *Gordon* v. *Wilson*, 99 *Ga.* 354 (2) (27 S. E. 767); *Bullock* v. *Butts*, 33 *Ga. App.* 7, (124 S. E. 905). Nor is it necessary, under the Civil Code, § 5283, that the claimant's traverse of the garnishee's answer shall be verified. Nor can the traverse be ignored because of the failure to give notice of the traverse to the garnishee. *Hirsch* v. *Lumbermen's Supply Co.*, 130 *Ga.* 555 (61 S. E. 225); *Phillips* v. *Thurber*, 56 *Ga.* 393. A formally sufficient bond and traverse having been filed by the claimant, the recital in the judgment on the bond that no traverse had been filed appears from the record to have been made by mistake or inadvertence, and is not conclusive against the claimant. *Smith* v. *Kennedy*, 125 *Ga.* 830 (54 S. E. 731). The issue raised by such traverse not having been determined, the trial court for this reason erred in entering the judgment and in denying the motion of the claimant to set aside the judgment (*Small* v. *Mendel*, supra); and the appellate division of the municipal court erred in affirming the judgment of the trial court.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 20, 1934.

*Lowndes Calhoun,* for plaintiff in error. *D. K. Johnston,* contra.