24450. LANDAU BROTHERS INCORPORATED *v.* TOWERY *et al.*

JENKINS, P. J. 1. "Under section 5 of the act of August 19, 1916 (Ga. L. 1916, 199), the municipal court of Atlanta has 'the same power and authority to vacate, modify, set aside or change at any time any of its judgments as is now conferred upon or exercised by the judges of the superior court of this State." *Longshore v. Collier,* 37 *Ga. App.* 450 (140 S. E. 636); *Payne v. Alterman,* 42 *Ga. App.* 663 (157 S. E. 121). This express power over "any" of its judgments was not impliedly repealed or taken away by the mere general provision in section 5 (a) of the amendatory act of March 10, 1933 (Ga. L. 1933, pp. 290, 297) that, "where the amount sued for or the value of the property claimed or the amount of the lien sought to be enforced is less than three hundred dollars exclusive of interest, attorney's fees, and costs, the suit or action shall be filed and proceed as in justice courts and under the prac-

tice thereof existing under the laws relating thereto, except as herein provided and as may be provided by rules of said municipal court of Atlanta." A similar provision, except that the amount fixed five hundred dollars, contained in section 37 of the act of 1925 (Ga. L. 1925, pp. 370, 379), was effective at the time of the above decisions. The municipal court of Atlanta, having therefore wider jurisdiction and powers, is not controlled in the setting aside of a judgment for less than three hundred dollars by the restrictions upon a justice of the peace, who "has no authority to set aside a judgment rendered by him." *Edwards* v. *Edwards*, 163 *Ga.* 825 (3) (137 S. E. 244); *Barnes* v. *Mechanics Bank*, 22 *Ga. App.* 216 (95 S. E. 757).

2. In such a case, where good cause exists for setting aside the judgment, and the procedure by rule nisi and otherwise is proper, the motion need not be instituted at the term at which the judgment was rendered. *Longshore* v. *Collier*, supra; *Hamilton* v. *Hardwick*, 47 *Ga. App.* 513 (170 S. E. 826); *Schofield's Sons Co.* v. *Vaughn*, 40 *Ga. App.* 568, 569 (150 S. E. 569). Nor is the payment of the court costs a prerequisite to the setting aside of the judgment, if it is not one of default controlled by the general statutory rules regulating the opening of defaults. See Code of 1933, § 110-402, 404; *Rawls* v. *Bowers*, 48 *Ga. App.* 324 (172 S. E. 687).

3. In passing upon a motion to set aside a judgment, the trial court has a broad discretion, although it must be a sound discretion founded on some legal ground and meritorious reason. *Kellam* v. *Todd*, 114 *Ga.* 981 (41 S. E. 39); *Walker County Fertilizer Co.* v. *Napier*, 40 *Ga. App.* 387, 393 (149 S. E. 705). The appellate court will not, as a general rule, "interfere with the exercise of that discretion, and not at all unless it is abused." *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (2), 801 (35 S. E. 168). It can not be held that there was an abuse of the legal discretion vested in the court, where in a suit on notes and an open account the defendants filed a plea of their adjudication in bankruptcy, setting up the scheduling of the plaintiff's debt and praying a stay until the question as to their discharge should be determined, and the court entered an order staying the proceedings until its further order; and where by consent of counsel on both sides the case was later passed for a reassignment, on account of the illness of the attorney for the plaintiff; and where some five weeks later a judgment for the amount sued for was entered in favor of the plaintiff, after the introduction of its evidence, in the absence of the defendants and their counsel; and where, upon a motion by the defendants to set aside this judgment, made at an ensuing term some seven weeks thereafter, on the grounds that when the case was checked by agreement, it was also agreed that there would be no trial until such time as counsel would agree, that a deputy clerk of the court informed the attorney for the defendants that only cases set by consent of attorneys would be tried during the week in which the judgment was obtained, that the attorney for the defendants did not consent to the trial and did not know of the judgment, and that the defendants had a meritorious defense, in that they had been duly discharged in bankruptcy from their debts, including that of the plaintiff; and where, after testimony for the defendants supporting these

grounds and conflicting testimony for the plaintiff had been introduced, the court set aside the judgment, reciting that the case had been taken from the trial calendar by the original order staying the proceedings, that it had been placed back on the calendar without any order, and that the hearing and judgment had been had without the knowledge or consent of the defendants or their attorney. See *Donalson* v. *Bank of Jakin*, 33 *Ga. App.* 428 (127 S. E. 229).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 9, 1935.

*J. B. McCallum*, for plaintiff.
*William T. Woolf, William A. McClain*, for defendants.