52776, 52777. BRYANT v. J. SCOTT RENTALS, INC.; and vice versa.

BELL, Chief Judge.

This is a garnishment action brought by plaintiff, J. Scott Reynolds, to satisfy a judgment that it obtained against the defendant Elam Rigging & Erection, Inc. The

garnishee answered "indebted" and paid a sum of money into the registry of the court. A third party, Bryant, filed a claim to these funds as the assignee of the accounts receivable of defendant Elam. After a trial, findings of fact and conclusions of law were made and judgment was entered for plaintiff. The third-party claimant, Bryant, appeals and the plaintiff cross appeals. *Held:*

1. *Main Appeal.* On motion of the plaintiff, claimant Bryant was required to file a bond as a condition to its maintaining its claim and he complied. A claimant may become a party to a garnishment suit by either filing a claim to the property, or by giving a bond dissolving the garnishment in twice the amount of the sum claimed. Code § 46-402. *Rainey v. Eatonton Co-op. Creamery,* 69 Ga. App. 547 (26 SE2d 297). The claimant in this case filed a claim to the property. Consequently, it was unnecessary and erroneous for the trial court to require the claimant to post a bond in twice the amount of the sum claimed. Plaintiff's citation to Code § 39-802 in support of a contrary conclusion is not in point. This statute requiring the posting of bond in a claim case applies where property has been *levied* on under process by a sheriff or other officer and impounded. In this and in the ordinary garnishment suit, there is no seizure of property under process by an officer. This distinguishes this case from *Bullock v. Butts,* 33 Ga. App. 7 (124 SE 905).

2. As to the merits, the material facts are not in dispute. The plaintiff rented a crane operator and maintenance man to the defendant Elam for use in connection with certain construction work in which Elam occupied the role of subcontractor. The prime contractor and garnishee was Ragnar Benson, Inc. Upon completion of Elam's work, Benson retained a percentage of the money owed the defendant Elam pending completion of the work. It is this retainage that forms the subject of this garnishment action. On February 3, 1975, after completion of the work, the claimant Bryant purchased from Elam certain accounts receivable, including the account due it on its contract with the garnishee Benson. Several months after the purchase of the above accounts by Bryant, the plaintiff filed suit against defendant Elam to recover the amount due for the

rental of the equipment furnished in connection with this construction project. On September 2, 1975, plaintiff obtained a default judgment against Elam. Once the claimant Bryant purchased this account receivable in February 1975 from Elam, the defendant Elam thereafter had no right to recover on this chose in action as against the garnishee Benson. The plaintiff here stands in the role of the garnishing creditor. The rights of a garnishing creditor rise no higher than the defendant in fi. fa; and what one cannot recover himself cannot be recovered by garnishment against him. *Bates & Co. v. Forsyth,* 69 Ga. 365; *Summer v. Allison,* 127 Ga. App. 217 (193 SE2d 177). It was error for the trial court to find for plaintiff and to grant judgment to the plaintiff. We reverse.

3. *The Cross Appeal.* J. Scott Rentals has cross appealed. The cross appeal concerns issues with reference to the requirement imposed on claimant to file a dissolution bond. The above holding that the filing of this bond was unnecessary and erroneous renders meritless the claims of error on cross appeal and it is dismissed.

*Judgment reversed on the main appeal. Cross appeal dismissed. McMurray and Smith, JJ., concur.*

Argued October 6, 1976 — Decided November 15, 1977 — Rehearing denied December 5, 1977 —

*Michael N. Montegna,* for Bryant.
*Albert A. Roberts, Robert P. Midtlyng,* for J. Scott Rentals et al.