W. WOODS, ordinary, for use, plaintiff in error, *vs.* E. C. JONES, defendant in error.

Money paid into court under a process of garnishment, but set aside as an exemption of personalty to the defendant before appropriated to the judgment against him, should be turned over to the ordinary upon his application therefor.

Homestead. Before Judge BARTLETT. Morgan Superior Court. September Adjourned Term, 1874.

For the facts of this case, see the decision.

McHENRY & McHENRY, for plaintiff in error.

REESE & REESE, for defendant.

WARNER, Chief Justice.

It appears.from the record in this case that Jones obtained a judgment against Martin on the 21st day of December, 1872. Poullain was garnished by the plaintiff, who admitted that he was indebted to Martin $200 00, which sum he paid to the sheriff. The sheriff, on being ruled for the money due on Jones' *fi. fa.*, admitted he had sufficient money in hand to pay it collected from Poullain, the garnishee, but stated that

Woods *vs.* Jones.

he had been served with a notice by the ordinary of Morgan county, that the money due by Poullain, the garnishee, to Martin, had been set apart as a homestead exemption, the application therefor having been made on the 30th of December, 1872, and an order passed by the ordinary on the 11th of January thereafter, ordering the money to be paid over to him for investment. The summons of garnishment was served on the 30th of November, 1872. The court ordered Jones' *fi. fa.* against Martin to be satisfied out of the money in the sheriff's hands. Whereupon the ordinary, who had been made a party to the rule, excepted. The money was brought into court by summons of garnishment; but it does not matter how the money was brought into court; the question is whether the debt due by Poullain to Martin had been set apart as an exemption of personal property under the homestead act, prior to the time the court ordered the proceeds of that debt to be paid in satisfaction of the *fi. fa.* of Jones against Martin, his judgment debtor. It appears from the record that on the 11th of January, 1873, that the $200 00 due Martin, in the hands of Poullain, was set apart as exempt from levy and sale by the ordinary as a homestead exemption of personal property, and that being so, the court erred in ordering the money in the sheriff's hands to be applied in satisfaction of the judgment debt in favor of Jones against Martin, his judgment debtor. This case comes within the ruling of this court in *Watkins vs. Cason*, 46 *Georgia Reports*, 414. The ordinary was entitled to the money in the hands of the sheriff, (less the amount of the attorney's fees for bringing the money into court under the process of garnishment,) to be invested for the benefit of the defendant's wife and children, as provided by the homestead act.

Let the judgment of the court below be reversed.