### In re RAMSEUR et al.

(District Court, N. D. Georgia, E. D. August 8, 1921.)

No. 1028.

Bankruptcy ⬚400(3)—Surplus from sale under mortgage foreclosure properly set aside by trustee for homestead exemption by ordinary.

Surplus from sale under mortgage foreclosure before adjudication in bankruptcy held properly set apart by the trustee, on claim of bankrupt, for exemption as a homestead.

In Bankruptcy. In the matter of E. F. Ramseur and Frank Simpson, bankrupts. On review of referee's order setting aside exemption. Affirmed.

The stock of merchandise of the bankrupts was levied upon on February 10, 1921, by virtue of the foreclosure of two mortgages thereon; on February 18 an involuntary bankruptcy was begun against them; on February 24 the stock of merchandise was sold by the sheriff; on March 11 adjudication in bankruptcy was had, and later the sheriff paid over to the trustee in bankruptcy the remainder of the proceeds of sale after satisfying the mortgage fi. fas. The bankrupts claimed homestead exemptions out of this money; the trustee set apart the exemptions claimed, which the referee confirmed. It was contended on review of his decision that cash could not be exempted, that there was no sufficient description of the property claimed, and that, the assets having been sold and reduced to cash, no homestead could be allowed.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

· Walter S. Dillon and W.m. J. Davis, Jr., both of Atlanta, Ga., for objecting creditors.

Goode, Owens & Andrews, of Toccoa, Ga., for bankrupts.

SIBLEY, District Judge. The original property was levied upon by the sheriff before bankruptcy, and the mortgage lien which was being enforced not being invalidated by the bankruptcy, he sold the property, and only the excess over the mortgage of the money produced by the sale ever came into the hands of the bankrupt court. The bankrupt did not claim and could not have claimed that the trustee set apart as exempt the property which had been sold by the sheriff before the adjudication in bankruptcy ever occurred, but could only claim the cash which came to the bankrupt court. He had not consented to the sale, nor estopped himself in any way from claiming the property in the form cash, to which the operation of the law had reduced it before it came into the trustee's hands. Though cash, it was subject to be claimed as a homestead, though before it actually became homestead property it is to be invested by the ordinary. Park's Code, § 3391. The trustee does not exempt it; he merely sets it aside from the assets which he is to administer that it may be exempted by the ordinary. Cases in which property became cash in court, which the debtor was held entitled to have invested as a homestead are Taylor v. Jarrell, 104 Ga. 169, 171, 30 S. E. 675; Woods v. Jones, 54 Ga. 492.

I see no error in the conclusion of the referee, and his decision is affirmed.