Dearing vs. Thomas.

**A. P. Dearing**, plaintiff in error, vs. **W. H. Thomas**, defendant in error.

[1.] Under the Act exempting house and lot not exceeding a certain value in a city or town from levy and sale in payment of debts, and a house and lot of greater value being owned by the debtor, a sale may be made, and a sum of money may be allowed the debtor from the proceeds of sale, equal in amount to the specified value of property exempted by the Act from sale, as an equitable mode of partitioning.

[2.] The removal of the defendant from the house and lot, does not subject it to the payment of a debt, if it be otherwise exempt.

Claim, from Lumpkin county. Decided by Judge RICE, February Term, 1858.

This case came on in the Court below upon a *rule nisi* against the Sheriff, requiring him to show cause why he did not pay over to Thomas, his agent or attorney, $200, arising from the sale of his (Thomas') property under an execution from the Superior Court, in favor of Dearing. The claim was made under the statute exempting certain property from levy and sale.

A statement of facts was agreed upon by the counsel, to the effect that a portion of the defendants family was in possession of the property at the time of the levy; that the defendant was a Methodist traveling preacher residing in Hawkinsville at the time of the levy. At the time of the sale, the defendant had gone out of possession, but his agent (a son) was in possession. At the time of hearing the motion, the defendant had moved into the Florida Conference, a part of which is in Georgia. That the House and lot sold were in the village of Leathersford, in Lumpkin county. The Sheriff was notified by the defendant's attorney at the time of the sale, that the defendant would claim $200 under the Insolvent Law.

Plaintiff moved the Court, if it should be of opinion that defendant could draw the money at all, that it should order that the same should be invested within the jurisdiction of

the Court, so that if defendant ever became solvent, plaintiff could have the benefit of the fund.

The Court ordered $200—money raised on the said property—to be paid the defendant without restriction, and plaintiff excepted.

Johnson, appeared for plaintiff in error.

Weil, and Boyd, for defendant.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] This cause was heard and determined at the February Term of the Superior Court of Lumpkin county, 1858. It seems, from an agreement of the counsel, not referred to in the foregoing statement of the case, that the sale of the property from which the money was raised, which gives rise to this contest, was made in October, 1857, under an order of Court passed at the previous August Term. It does not appear in the Record why it was that the Court passed this order. It may have been on some dispute or issue in respect to the value of the property in the defendant's possession, and for the protection of the levying officer. This Court has decided, that it is not necessary to give notice and have a survey made in cases where the land levied on is less than the quantity exempted by the statute; and in another case, that, as the law exempts one horse of the value of fifty dollars from levy and sale, and the defendant has but one horse, and his value exceeds fifty dollars, he shall be allowed fifty dollars from the proceeds of sale to purchase a horse of that value. *Moultrie vs. Elrod*, 23 *Ga.* This equitable construction of the Act may be well applied to a town lot which cannot be so partitioned as to allow the debtor his rights under the exemption Act; and we will not interfere with the judgment of the Court below on that assignment of error. The order at August Term for the sale of the land, may have been predicated on the said decisions.

A defendant is entitled, by the Act, to own, hold and pos-

sess the property exempted. It is not pretended that the defendant owned property at Hawkinsville, whither he had removed, or elsewhere, except in the village of Leathersford. If he owned it, and it was all he owned, his removal to another place not owned by him, did not remove it from the operation of the Act. He could not have sold the land without the consent of the wife, who must, of her own free will and choice, have signed the deed with him. He could not, by a removal, destroy her right. The profession of the defendant, an itinerant Methodist clergyman, shows that he could have no permanent home. His calling was abroad, and his high duties necessarily carried him from his family; but that is no reason why he and they should be placed out of the protection of this humane law. The creditor cannot complain, for he contracted under the law exempting a certain portion of the debtor's property from levy and sale. It was his contract that so much of the debtor's land, or house and lot, as amounted to the sum specified in the Act, should not be disturbed by the debt. The judgment of the Court below must be affirmed.

Judgment affirmed.