## TAYLOR, trustee, *v.* JARRELL.

T. holds a note against J. A judgment creditor of T. sues out garnishment against J., and obtains judgment against him for the amount of his debt to T., with stay of execution until the maturity of the note. T. afterwards makes application to the ordinary for an exemption of this note, of which application the garnishee and the judgment creditor of T. have due notice. After such notice, the garnishee voluntarily pays to the justice of the peace, in whose court the judgment was rendered against him, the amount of such judgment, with an understanding with the judgment creditor that the garnishee will be protected and saved from loss by paying the money into court. Subsequently the note is duly set apart to T., upon his application, as an exemption of personalty. *Held*, that in a suit by T. against the garnishee upon the note, after the same has become thus exempted, the above facts constitute no defense thereto, and T. is entitled to recover.

Submitted February 24, — Decided April 12, 1898.

Complaint on note. Before Judge Hart. Greene superior court. February term, 1897.

In January, 1897, E. L. Taylor, as trustee, sued Felix Jarrell for $79.07 as balance of principal, besides interest from December 20, 1896, upon a promissory note for $175, made by Jarrell and payable to E. L. Taylor or bearer, dated November 20, 1895, and due one year afterwards. Upon the note is a transfer of the same, for value received, to the wife of Taylor, dated November 20, 1895, and a receipt for $97.09, dated December 20, 1896. Defendant pleaded, denying that Taylor had any right or title to sue on the note, that the same had been paid off and discharged by paying to Smith, J. P., $96 on November 25, 1896, which Smith paid through S. H. Sibley to plaintiff, as appears by credit on the note, and the balance of $79 Smith, under valid process of garnishment from his justice's court, issued in November, 1896, received and paid into court to be distributed thereunder to whomsoever should be entitled. Further: defendant is the holder of a judgment against Taylor for an amount equal to the amount claimed on the note, and owned the same at the time of filing the suit and at the time an exemption of personalty claimed by the plaintiff was granted. Said fi. fa. is attached. Taylor is insolvent; and defendant prays the same may be set off against the present demand.

The case was submitted to the judge without a jury, upon the following facts: In April, 1896, Tappan sued E. L. Taylor upon an open account, and obtained judgment for $78.91 principal, and interest, in the justice's court of Smith, J. P. Tappan also sued out garnishment at the same term against Jarrell and against Mrs. Taylor. Jarrell answered that he had executed to Taylor the note in question, which he was informed had been transferred to Mrs. Taylor. She and E. L. Taylor swore that the note was in her possession and belonged to her. The answers were traversed, and the court rendered judgment against Jarrell for $78.91, with stay of execution until maturity of the note. Two weeks before said maturity, Taylor applied to the ordinary for exemption of personalty, and included in his schedule of property this note. Written notice of the application was served upon Jarrell and upon Tappan on November 7, 1896, and on the second of the following month the exemption was allowed, which included said note. On November 20, when the note matured, execution issued against Jarrell and was threatened to be levied on his property. He voluntarily paid the amount of the execution to Smith, J. P., who paid said amount to plaintiff in fi. fa. on November 25, 1896; whereupon Sibley as attorney for Tappan transferred the fi. fa. against Taylor to Jarrell. Said payment was made after assurance and promises by Tappan and Smith, that Jarrell would be protected and saved from loss in so doing on account of the application for exemption. Payment of the amount of the note, less the amount of the garnishment fi. fa., was made by Jarrell to the attorney of E. L. Taylor in December, 1896. Jarrell refused to pay the balance, claiming that the payment of the garnishment fi. fa. was a legal payment of same; whereupon this suit was brought. The judge rendered judgment for the defendant; and the plaintiff excepted.

*James Davison*, for plaintiff.   *S. H. Sibley*, for defendant.

LEWIS, J. The rights of a head of a family under the homestead laws of this State begin to accrue in the property sought to be exempted when he files his application to the ordinary for an exemption. Pending the application, his rights do not become vested to such an extent as to prevent a seizure of the

property for his debts, but if there is a sale of the property before exemption under judicial process, the purchaser at such sale, with notice of the application, buys subject to the exemption should it be afterwards allowed. It follows, therefore, that if any such sale of the property pending the application has taken place, the debtor has the same right to its possession and control after exemption that he would have had in the event no such sale had taken place. He can recover it of a purchaser at such a sale. This court held, in the case of *Harrell* v. *Harrell*, 75 *Ga.* 697, as follows: "Where, pending an application for exemption, the property sought to be exempted is sold at a judicial sale, subject to the right of exemption, the purchaser at the sale takes the property subject to the same right of exemption; and if afterwards it be allowed by the ordinary, the applicant may maintain trover against any one who may have converted personalty so sold. No demand is necessary where the defendant has sold the property, but such sale is itself a conversion." See also *Hawks* v. *Hawks*, 64 *Ga.* 242; *Crine* v. *Johns*, 96 *Ga.* 220. The same rule will necessarily apply when an effort is made by a creditor to subject to his debt by garnishment a chose in action belonging to his debtor. A chose in action can not be reached by the ordinary process of levy and sale under an execution. The remedy of the creditor is by garnishment, which is simply another method of enforcing his lien against this kind of property belonging to his debtor. But the creditor's judgment has no greater lien upon the debt garnished than his execution has upon the property levied on. A judgment against a garnishee, therefore, has the same effect upon the debt garnished that a levy of an execution would have upon property seized; hence it follows that the debtor has the same right to apply for an exemption of a debt garnished after judgment against the garnishee that he would have to apply for a homestead in property after the same had been seized under execution.

We think the principle ruled in the case of *Watkins v. Cason*, 46 *Ga.* 444, is not only sound in law, but that it controls this case. There the notes which were sought to be subjected to the debt by the garnishment were set apart to the debtor as personalty

*after* a judgment was rendered against the garnishee. Execution was afterwards issued against the garnishee, and levied upon his property, and he thereupon paid the amount due on the note to the attorney of the judgment creditor. Before this payment the garnishee had notice that the exemption had been set apart. It was held that the debtor was entitled to foreclose the mortgage given to secure the notes for their full amount. It was ingeniously contended by counsel for defendant in error, that there was a fundamental distinction between that case and the one at bar, for the reason that in the case in 46 *Ga.* the exemption had been granted before the garnishee had paid the money; and for the further reason that he paid the money to the plaintiff's attorney, instead of paying it into court. In the light of the rights of the debtor, as above indicated, pending his application for an exemption, we can see no distinction in principle between the two cases. If the debtor paid before exemption, but with notice of the application pending, the payment could not be pleaded as a cancelation of the debt, unless the application had been refused; for it was made subject to whatever rights the debtor afterwards acquired in the property by virtue of the homestead laws of the State. Nor do we see that payment to the justice of the peace, upon promises by the justice and plaintiff in fi. fa. that the garnishee would be protected and saved from loss, would be any protection to the garnishee as against the homestead rights of the debtor. The debtor was no party to this arrangement, and there is no law constituting the justice in such a case the custodian of the property, or its proceeds, sought to be exempted. Besides it appears, as a result of this understanding among these three parties, that the money was paid by the justice to the plaintiff in fi. fa., and there was no agreement that the same should be kept in court, and abide the final decision of the ordinary on the homestead application.

The property exempted in this case was a note held by the applicant for homestead against Jarrell, the garnishee, and not the fund paid on that note by the garnishee to another. Setting apart this note by the ordinary to the debtor carried with it the title to the note, vesting its ownership in the debtor as

trustee or head of his family.  Following this title was the right in the owner to collect the debt.  The right to collect embraces the right to sue.  He can sue no one on the note except the maker.  The value of this note, the thing exempted, depends upon the ability of the maker to pay.  No one has a right to diminish its value, or to transfer the right from the property sought to be exempted to something else not sought as an exemption, pending the debtor's application.  It therefore follows as a logical sequence, that the garnishee and creditor in this case had no right to transfer the obligation on the note from its maker to another.  Otherwise it would put it in their power, in case the plaintiff in fi. fa., to whom the money was paid by the justice, should be insolvent, to make the property sought to be exempted valueless.  But it is urged in this case, that in no other way can the garnishee be protected against the levy and sale of his property except by payment of the money, and that he should not be made to pay twice.  We do not think the creditor has a right to insist upon payment of his debt by the garnishee pending an application to have the debt exempted ; especially if it appears that he has a right to such exemption as against the claim of the judgment creditor.  Of this right the creditor was obliged to have had due knowledge even before the exemption was set apart ; for he is charged with knowledge.of the character of his own debt, and with a knowledge of the law as to a debtor's homestead rights.  If, therefore, the creditor had no right to demand payment after such an application by the defendant, the garnishee was under no obligation to pay.  The application for exemption in such a case, we think, would operate to suspend the judgment against the garnishee, and if followed by an actual exemption of the debt, this would operate as a cancelation of that judgment.  Should there be an effort, therefore, to enforce the judgment against the garnishee pending the application for exemption, we can see no difficulty in his successfully resisting such action by the plaintiff until the rights of the defendant in fi. fa. have been finally determined by the court of ordinary.

*Judgment reversed.  All concurring, except Cobb, J., absent.*