ROSSER, HARVEY & DAVIS *v.* FLORENCE, ordinary,

for use, etc.

1. There is no provision of law allowing the exemption of cash or the investment of cash for the use of a family under the Civil Code, § 2867, which provides for what is known as "the short homestead."

2. Nor could there be such an exemption of money in the hands of an administrator, belonging to a defendant in execution as an heir at law, the judgment under which the execution issued being founded on a note containing a

waiver of homestead and exemption, and the administrator having been duly served with a garnishment at the instance of the plaintiff in execution against the defendant in execution.

Argued November 26, — Decided December 12, 1903.

Levy and claim.    Before Judge Evans.    Jasper superior court. March 26, 1903.

*A. S. Thurman*, for plaintiffs.    *W. S. Florence*, contra.

TURNER, J.    This case was determined by the court below, without the intervention of a jury, on the following agreed statement of facts: " 1st.   On February 23rd, 1893, J. M. Cook, the defendant in fi. fa., executed his promissory note for the principal sum of $83.91, payable to Rosser, Harvey & Davis, in which note [are] the following stipulations, to wit :   It is also especially covenanted and agreed between the parties that the makers, endorsers, and sureties upon this note, and each of them, for themselves, their wives and children, do hereby waive and renounce any and all right or claim of homestead and exemption, as against this debt, under the present or any future homestead laws of the State of Georgia and of the United States ; and such waiver is distinctly made a part of the consideration of the credit given, and without which the same would not be extended.    2nd.   On April 21st, 1894, judgment was rendered in the justice's court of the 297th district, G. M., Jasper county, in favor of Rosser, Harvey & Davis, against said J. M. Cook, said suit being founded on the note mentioned in the preceding paragraph of this agreement, and fi. fa. duly issued on said judgment, which fi. fa. has proper entries thereon showing fi. fa. still in life.    3rd.   In the year 1901, B. W. Cook, the father of J. M. Cook, defendant in said fi. fa., died intestate, and R. L. Davis, clerk of the superior court of said county, became the duly appointed and qualified administrator of the said B. W. Cook, deceased ; and on the 2nd day of December, 1902, said administrator, under proper order of the court of ordinary, sold the lands belonging to the estate of said Cook, deceased, for the purpose of paying the debts of said estate and for distribution among the heirs at law ; and after paying the debts, there remained a balance of $57.91 as the distributive share of the said J. M. Cook, defendant in fi. fa.    4th.   On December 4th, 1902, J. M. Cook filed his schedule with the ordinary of Jasper county,

asking for an exemption of personalty, a copy of which is hereto attached and marked Exhibit ' A.'    5th. That on the 4th day of December, 1902, a copy of said exemption was served on R. L. Davis, administrator as aforesaid, together with an order from the ordinary of Jasper county, directing said Davis, administrator, to turn over to said ordinary said sum of $57.91, to be invested for the debtor and his family under section 2841 of the Code, copy of said order being hereto attached and marked Exhibit ' B.'    6th. That on the 9th day of December, 1902, a summons of garnishment was served on said R. L. Davis, administrator, requiring him to answer at the justice's court of the 295th district, G. M., Jasper county, said Davis being a resident of said district, and said summons being made returnable thereto as required by statute. 7th. That said Davis, administrator, has answered and paid into court the said sum of $57.91, which is admitted correct."

The court below sustained the claim of the ordinary, for the use of J. M. Cook, to the fund in controversy, and ordered that the ordinary make the investment as contemplated; and also rendered judgment against the plaintiffs in error for the costs of the proceeding.

It is apparent that the application for an exemption which J. M. Cook presented to the ordinary was based upon the provisions of the Civil Code, §§ 2866, 2867; for in this application Cook prayed for no citation or other notice to creditors, and simply asked that the schedule filed with said application might be approved and recorded by the ordinary.    Under these sections of the code, there is no provision for the exemption of cash or for the investment of cash in property of the kind therein mentioned or in such articles as the constitution contemplates in that provision which excludes certain things from the privilege of a waiver of homestead.    Section 2841 of the Civil Code is taken from the act of 1870 (see Acts of 1870, pp. 70–71), and does not seem in any way to refer to the " short homestead " allowed under section 2867.    We therefore conclude that the trial judge erred in ordering the investment of this fund in articles to be exempted as the petitioner prayed.

2.    The plaintiffs in error claimed the fund under a fi. fa. issuing under a judgment based on a promissory note which contained a waiver of homestead and exemption. The judgment upon which this fi. fa. issued was a lien on the land from which this fund was

derived, and we think that the conversion of the property by the administrator into money did not have the effect of depriving the plaintiffs in fi. fa. of their rights under the promissory note and judgment thereon.    If the waiver of homestead which they had was good against the land, they were entitled to assert it as against the money which arose from a sale of the land.    See, in this connection, *Hahn & Co.* v. *Allen*, 93 *Ga.* 612.    The garnishment which they caused to be served upon the administrator furnished the appropriate means by which they could assert their interest in the fund.    But, from whatever assets the administrator derived this fund, this waiver in the note on which the judgment and execution were founded would have defeated the exemption claimed.

<div align="center">

*Judgment reversed.    All the Justices concur.*