### 15318. BARNES *v.* SNYDER.

STEPHENS, J. 1. A judgment against a bankrupt at the time of the filing of the petition in bankruptcy, notwithstanding there may be pending proceedings on appeal to set it aside, is, as provided in section 63(a) of the bankruptcy act, a fixed liability which may be proved and allowed in bankruptcy. 2 Collier on Bankruptcy (13th ed.), 1387-9, and cases there cited.

2. A lien arising by virtue of service of summons of garnishment issued upon a suit instituted against an insolvent defendant within four months prior to the filing of a petition in bankruptcy by or against the defendant, who was adjudged a bankrupt, is, under section 67, subsections c and f, null and void, since the existence and enforcement of such a lien by the plaintiff would work a preference. Where such garnishment has been dissolved and the fund received by the defendant, who is the principal on the dissolution bond, he may nevertheless obtain a perpetual stay of a judgment against him in behalf of the plaintiff upon the bond. See, in this connection, 2 Collier on Bankruptcy (13th ed.), 1581; *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25); *National Surety Co.* v. *Medlock,* 2 *Ga. App.* 665 (58 S. E. 1131); *Morris Fertilizer Co.* v. *Jackson,* 27 *Ga. App.* 567 (110 S. E. 219); *Garden* v. *Crutchfield,* 112 *Ga.* 274 (37 S. E. 368).

3. The foregoing facts being established without issue, the superior-court judge did not err in sustaining the certiorari brought by the defendant, excepting to a judgment of the municipal court denying a motion to stay the proceedings against the defendant on the dissolution bond.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1925.

Certiorari; from Fulton superior court—Judge Humphries. December 7, 1923.

*Leo Sudderth, H. C. Holbrook,* for plaintiff in error.
*James L. & Will G. Moore,* contra.