DECIDED OCTOBER 7, 1925.

For description of this case and names of counsel, see the case cited in the decision.

---

16537.  DICKENS *v.* BREEDLOVE *et al.,* executors.

Under the facts in this case the lien of the general judgment on the homestead-waiver note attached when the stock of merchandise in question was set apart as a homestead by the bankruptcy court.

The bankrupt, or his assignee, the claimant, could not benefit by section 67f of the bankruptcy act (U. S. Comp. St. § 9651). Only the trustee and those claiming under him can avail themselves of its provisions.

The claimant could not plead the discharge in bankruptcy as a stay of execution.

The trial court correctly held that the property was subject to the levy.

DECIDED OCTOBER 7, 1925.

Levy and claim; from Oconee superior court—Judge Fortson. March 31, 1925.

*James W. Arnold,* for plaintiff in error.

*Orrin Roberts,* contra.

LUKE, J.    Being entirely satisfied with the correctness of the able and lucid opinion of the trial court holding the property subject to the levy, we feel that we can do no better than adopt that opinion as the opinion of this court.    It is as follows:

"This case was submitted upon an agreed statement of facts, hereto attached, wherein it was stipulated as follows:    A general judgment was obtained by the executors of Breedlove against J. K. Dicken on July 23, 1923, upon a homestead-waiver note, and levied on February 16, 1924, upon a stock of merchandise which had been set apart to Dicken as a homestead by a referee in bankruptcy on November 22, 1923, Dicken having been adjudged a bankrupt a little less than four months after the judgment was obtained.    Dicken received his discharge as a bankrupt on November 29, 1924.    He had theretofore, on December 27, 1923, assigned the stock of merchandise to Mrs. Ophelia Dicken, who now claims it under that assignment.    Dicken was insolvent at the time the judgment was rendered against him in favor of the executors.    It is contended by the claimant:    (1) that the exemption of J. K. Dicken was merely a chose in action and therefore not subject to the levy; (2) that, the judgment having been obtained when J. K. Dicken was insolvent and within four months of his adjudication as a bankrupt, is void; and (3) that no stay was sought in the bankruptcy court, and his discharge there relieved him of the general judgment.    I can not accept any of these theories.

" (1) Granting that the right to the homestead was in the nature of a chose in action prior to the date of its being set apart, when it was set apart in tangible physical property it ceased to be so, and the lien of the judgment immediately attached.    See *Coker* v. *Utter,* 152 *Ga.* 157 [108 S. E. 538]; *McBride* v. *Gibbs,* 148 *Ga.* 380 [96 S. E. 1004]; *McKenney* v. *Cheney,* 118 *Ga.* 387 [45 S. E. 433].    The ruling relied upon by claimant, in the case of *Norris* v. *Aikens,* 155 *Ga.* 488 [117 S. E. 248], is not in point, the property set apart to the bankrupt in that case being itself a chose in action.

"(2)   Nor can the bankrupt, nor his assignee, the claimant here, benefit by the provisions of 67 *f* of the bankruptcy act, since it has been repeatedly held by the Supreme Court of Georgia that only the trustee and those claiming under him can avail themselves of its provisions.  See *Coker* v. *Utter,* and the other cases cited supra.

"(3)   Neither can the claimant here plead the discharge in bankruptcy as a stay, the judgment having been based on a note waiving the homestead.  See *McKenney* v. *Cheney* and other cases cited above.  It does appear under the ruling in the case of White, trustee, *v.* Stump, decided by the Supreme Court of the United States, November 24, 1924 [266 U. S. 310, 45 Sup. Ct. 103], and to which my attention has been called, that where no homestead has been applied for and set apart in the State court, the action of the referee in setting it apart is a mere nullity; but since both parties are treating the property as a homestead regularly awarded, that decision can have no bearing on this case.

"I therefore hold that the lien of the judgment fastened upon the stock of merchandise in question, and that the property is subject to the levy; and judgment has been entered accordingly. This March 31, 1925."

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*