25411.   SAINT JOHN v. JOHNSON.

Decided July 9, 1936.   Rehearing denied July 24, 1936.

*William A. McClain, William T. Woolf,* for plaintiff in error.
*Butler, McCollister & Thompson,* contra.

Broyles, C. J.   On November 19, 1934, W. L. Johnson filed suit against David L. St. John, returnable to the December term, 1934, of the municipal court of Atlanta; the suit being No. 72363, based on promissory notes.   On November 19, 1934, Johnson had a summons of garnishment, based on said suit, served on the Constitution Publishing Company.   The garnishee paid into court the sum of $63.05.   On November 28, 1934, Johnson had an additional summons of garnishment, based on the same suit and bond, served on the same garnishee.   On this summons the garnishee paid into court the sum of $129.32.   St. John was adjudicated a bankrupt on December 12, 1934.   Johnson filed a motion to vacate the adjudication, which motion was overruled on April 11, 1935, and the bankruptcy proceedings are still pending.   St. John filed in the municipal court a plea of bankruptcy, which was overruled; and on April 19, 1935, judgment in favor of Johnson was rendered for the full amount sued for.   St. John excepted pendente lite to the overruling of his bankruptcy plea; and after a motion for new trial was overruled, an appeal was entered to the appellate division of the municipal court on April 27, 1935.   On April 29, 1935, Johnson had a summons of garnishment based on the same judgment (now appealed) served on the same garnishee heretofore

named; said garnishment proceeding being numbered 82640. Dissolution bonds were filed by St. John in all the garnishment proceedings. On June 28, 1935, St. John filed a motion to stay and abate execution on the judgment rendered in case No. 72363, to dismiss the garnishment No. 82640, and to stay all proceedings on said judgment during the pendency of St. John's bankruptcy proceedings and until final determination of his appeal in the State courts. After a hearing, the court, on July 6, 1935, denied St. John's motion, and he excepted pendente lite and now assigns error thereon. Upon the case being appealed to the appellate division of the court, that division, on November 21, 1935, affirmed the judgment of the trial judge, dated July 6, 1935. On this judgment of the appellate division St. John assigns error.

This case is controlled by the decision in *St. John* v. *Johnson,* 54 *Ga. App.* 87 (187 S. E. 134), wherein it is held that it was not shown that the question of the defendant's discharge in bankruptcy had been *finally* determined, and that the court erred in overruling the plea of bankruptcy and denying a stay of proceedings in the municipal court. But, in view of the garnishment transactions subsequent to the ruling of the trial judge in that case, a discussion of the issues in the instant case is deemed proper. It will be noted that the aggregate net amount impounded as a result of the first two garnishments is $192.37. The plaintiff admits that $116.14 of this sum is not subject to his claim, because it was earned by the defendant before his adjudication; but the plaintiff insists that the balance of $76.23 is subject, because earned by defendant after his adjudication, and that for the same reason the third garnishment, No. 82640, should not be dismissed. As shown above, the suit on which the garnishments were based, was filed just twenty-three days before the defendant's adjudication in bankruptcy. "The provisions of section 67f of the bankruptcy act annulled any lien acquired by the garnishment proceedings, which were instituted within four months of the adjudication of the defendant as a bankrupt, and the funds impounded by such garnishment proceedings are wholly discharged and released from the same. 11 U. S. C. A., § 107 (f); *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865); *Morris Fertilizer Co.* v. *Jackson,* 27 *Ga. App.* 567 (110 S. E. 219); *Barnes* v. *Snyder,* 33 *Ga. App.* 501 (126 S. E. 863)." *Roberts* v. *Seanor,* 46 *Ga. App.* 5 (166 S. E. 375).

Since, under that ruling, the lien acquired by the garnishment proceedings and the funds impounded by the garnishment proceedings are discharged and released, it necessarily follows that a judgment against the surety on the dissolution bond in the garnishment proceedings, which was substituted in lieu of the fund, would not be valid. *Roberts* v. *Seanor,* supra. See also *Allen* v. *Atlanta Furniture Co.,* 49 *Ga. App.* 557 (176 S. E. 663); *Longshore* v. *Collier,* 37 *Ga. App.* 450 (5) (140 S. E. 636), and cit. Under the foregoing authority the first two garnishments issued less than four months before the defendant's adjudication as a bankrupt, and the sureties on the dissolution bonds are released and discharged. As to a lien acquired by garnishment proceeding *after* the defendant's adjudication in bankruptcy, we find the following in *Armour Packing Co.* v. *Wynn,* supra: "A garnishee, having notice that his creditor has been adjudicated a bankrupt and that part of the fund earned *after* the bankruptcy was exempt as wages, was authorized in his answer to set up the *invalidity* of the garnishment proceeding *because of the bankruptcy,* and also to show that part of the fund was exempt as wages." (Italics ours.) In the opinion in that case it was said that it was not only the right but the *duty* of the garnishee to plead the bankruptcy of the debtor.

This is in accord with the purpose of the bankruptcy act. As stated in Gilbert *v.* Shouse, 61 Fed. (2d) 398, "The purpose of the bankruptcy act is two-fold, i. e., to permit an honest debtor to start afresh, relieved from his burden of indebtedness, and to distribute his assets equitably among his creditors." To permit a creditor to acquire a lien by garnishment based on a judgment or a suit (for a debt which was scheduled in the bankruptcy proceedings) instituted within four months prior to the debtor's adjudication as a bankrupt, would defeat both purposes of the bankruptcy act. In such event the debtor certainly would not be relieved of his burden of indebtedness; and such procedure would furnish opportunity for collusion to prevent an equitable distribution of his assets among his creditors by his giving certain creditors advance notice of his intention to take bankruptcy, and thus enable them to procure liens and become preferred creditors. In case of involuntary bankruptcy, the collusion could be among a limited number of creditors to the detriment of the remaining creditors. Such a preference is not tolerated by the law. *Barnes* v. *Snyder,* supra;

Metcalf *v.* Barker, 187 U. S. 165 (23 Sup. Ct. 67, 47 L. ed. 122). In Taylor *v.* Sternberg, 293 U. S. 470 (55 Sup. Ct. 260, 79 L. ed. 599), we find: "Upon adjudication in bankruptcy, all property of the bankrupt vests in the trustee as of the date of the filing of the petition. Upon such filing, the jurisdiction of the bankruptcy court becomes paramount and exclusive; and thereafter that court's possession and control of the estate can not be affected by proceedings in other courts, whether State or Federal. . . This applies while the possession is constructive as well as when it becomes actual." The bankruptcy court having jurisdiction and control of the defendant's property, and any liens acquired by garnishment proceedings in this case being invalid as to the principal debtor or the surety on his dissolution bond, the trial judge erred in denying the motion to stay and abate the execution on the judgment against the defendant, to dismiss the garnishment issued after the defendant's adjudication in bankruptcy, and "to stay all proceedings on said judgment" during the pendency of the defendant's bankruptcy proceedings; and the appellate division of the municipal court erred in affirming the judgment of the trial judge.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*