26420. HENLEY *v.* COLONIAL STAGES SOUTH INC. *et al.*

DECIDED NOVEMBER 16, 1937.

*Jordan Johnson, Wilcox, Connell & Wilcox,* for plaintiff in error. *Franklin & Eberhardt, Copeland & Dukes,* contra.

BROYLES, C. J. The petition in this case was in equity; but the Supreme Court, in transferring the case to this court, held that "the equitable features . . were eliminated on or before the trial;" and therefore the case is necessarily considered by this court as one at common law.

Colonial Stages South Inc. filed suit against J. A. Henley individually, J. A. Henley doing business as Hudson Motor Lines and as Henley Motor Lines, and R. E. Barfield, alleging that these defendants were indebted to the plaintiff in certain specified sums. J. A. Henley filed an answer, and the case is in default as to Barfield. The dates of the proceedings, as hereinafter outlined in a brief sketch of the case, are of special significance. On October 30, 1934, the suit was filed in the superior court of Lowndes County, and J. A. Henley filed his answer denying liability. On November 21, 1935, garnishment proceedings were instituted, and service thereof was acknowledged by the garnishee R. S. Coleman, trading as Coleman Motor Lines, in Tift County; these proceedings being in accordance with the Code, § 46-603, et seq., relating to garnishments against persons residing out of the county where the suit is filed. On May 18, 1936, Henley amended his answer and alleged "that said case is proceeding in the name of 'Colonial Stages South Inc.,' and that there is not in existence any such corporation called 'Colonial Stages South Inc.,' as by the petition and process in said case is supposed, nor has there been any such corporation called 'Colonial Stages South Inc.,' since the 13th day of January, 1936, at one o'clock p. m., named as plaintiff in the petition;" and "defendant prays judgment of the said action, and that the same be dismissed." This amendment was allowed. On May 18, 1936, Henley made a motion to dismiss the suit on the ground that the plaintiff corporation was not in existence, having been dissolved by consent of its stockholders on January 13, 1936. On June 1, 1936, Coleman answered the summons of garnishment. The answer is lengthy, and it suffices to say that the garnishee admitted liability and averred that he had deposited $2500 in the Bank of Tifton as trustee, and that it was subject to such judgment of the court as might be rendered. On November 5, 1936, J. B. Copeland filed a motion that he, as receiver of the assets of Colonial Stages South Inc., which were located in the State of Georgia, be substituted as party plaintiff for Colonial Stages South Inc., which had been dissolved as a corporation. On November 7, 1936, it was ordered that the case proceed in the name of Copeland. On November 16, 1936, Henley filed his voluntary petition in bankruptcy, and on the same day he filed a plea in abatement, setting up that he had been adjudicated a bankrupt,

and that he had not yet filed his application for a discharge in bankruptcy; and he prayed "that further proceedings in said suit be stayed for the time prescribed by law, and for such other relief as might be granted in the premises."

On November 17, 1936, the case came on to be tried, and the judge directed the following verdict: "We the jury find in favor of the plaintiff, against both defendants, in the sum of $2379.79 principal, $648.22 interest to date, and future interest on said principal sum at 7% per annum. We further find, as to the defendant J. A. Henley, that said amounts be satisfied and collected solely and exclusively out of such funds as may have been impounded by reason of garnishment proceedings based on this case, in which R. S. Coleman is the garnishee, and that plaintiff have a special lien against and on said funds so impounded; and we further find that the defendant J. A. Henley, by reason of his bankruptcy proceeding,. is entitled to a perpetual stay of execution against him." On November 23, 1936, the court rendered a judgment on this verdict, which, after reciting the verdict, provided: "It is thereupon considered, ordered, and adjudged that the plaintiff have and recover of the said defendants the sum of $2379.79 principal, $648.22 interest to date, and future interest on said principal sum at the rate of 7% per annum and all costs; provided, however, that with respect to the defendant J. A. Henley said sums be recovered, satisfied, and collected solely and exclusively out of such funds as may have been impounded by reason of garnishment proceedings based on this case, in which R. S. Coleman is the garnishee. It is ordered further and this judgment is hereby made and declared a special lien against and on such funds as may have been so impounded by reason of said garnishment proceedings. It is further ordered that execution issue against the defendant R. E. Barfield for the amounts of principal and interest above set forth and for the costs of this proceeding. And it is further ordered that execution against the said J. A. Henley be and the same is hereby perpetually stayed with respect to any property of the said J. A. Henley, other than funds impounded by reason of such garnishment proceedings. So ordered at Valdosta, Georgia, on this the 23 day of November, 1936. W. E. Thomas," Judge of the superior court of Lowndes County. On January 9, 1937, the court overruled the defendant's motion for new trial, on which order the defendant assigns error.

It is unnecessary to discuss separately and in detail the twenty-two grounds of the motion for new trial. The only exception to the failure of the court to dismiss the suit, on the ground that the plaintiff corporation had been dissolved, is embodied in the motion for new trial. The record contains no exception pendente lite to any ruling of the court in regard to this motion. Indeed, the record contains no direct ruling on this motion to dismiss, though the court's ruling that the case proceed with the receiver as party plaintiff was equivalent to denying the motion to dismiss. While it appears that the court did not err in ordering that the receiver be made a party plaintiff to prosecute the case for the interest of all parties concerned, and permitting the case to proceed (*Houston* v. *Redwine,* 85 *Ga.* 130, 11 S. E. 662; Code, § 22-1208), the ruling in this respect can not be properly assigned as error in a motion for new trial, because the action of the court in passing the order making a new party plaintiff, as disclosed by the record, was in the nature of allowing an amendment to the pleadings. See *Davis* v. *Metropolitan Life Ins. Co.,* 161 *Ga.* 568, 574 (131 S. E. 490); *Fountain* v. *Fuller E. Callaway Co.,* 144 *Ga.* 550 (3) (87 S. E. 651); *McClure* v. *Smith,* 44 *Ga. App.* 743 (162 S. E. 865), and cit. There being no proper assignment of error on the failure of the court to dismiss the suit, the question is not before this court for consideration.

It will be observed from the foregoing statement of facts that the defendant's voluntary petition in bankruptcy and his plea in abatement asking that the instant action be stayed were both filed only one day before the verdict was rendered. The judge refused to stay the proceedings fully as prayed; but, in directing the verdict and framing the judgment thereon, he provided that the sum recovered, so far as Henley was concerned, should be collected *solely out of the funds impounded by the garnishment* against Coleman. The motion for new trial alleges error in the refusal of the court to grant a complete stay as prayed by the defendant. The fact that the fund impounded by garnishment was deposited in escrow in the Bank of Tifton by Coleman, garnishee, did not prevent it from being treated as a fund in the hands of the garnishee, as the depository was the mutual agent of the parties. *Hansford* v. *Freeman,* 99 *Ga.* 376 (27 S. E. 706). The garnishment was served on Coleman on November 21, 1935, ap-

proximately one year before the defendant filed his petition in bankruptcy on November 16, 1936. The service of this garnishment created an inchoate lien on the fund impounded by the garnishment, which lien could be perfected only by legal proceedings in the main case. Judgment must necessarily be rendered against the defendant before judgment can be taken against the garnishee. The defendant's bankruptcy proceeding did not destroy the lien of the garnishment obtained more than four months before the filing of the petition in bankruptcy; nor did it forbid the taking of the judgment in the main case in order to perfect and enforce the pre-existing lien acquired by the garnishment proceedings. "A garnishing creditor has, as to any property, money or effects of his debtor that may be caught in the hands of the garnishee, an inchoate lien, which arises on service of the summons of garnishment. Civil Code, § 5273 [Code of 1933, § 46-203]. And although, under the provisions of section 67(f) of the bankruptcy act of July 1, 1908, c. 541 (30 Stat. 564, U. S. Comp. St. 1913, § 9651), judgments or other liens obtained against an insolvent person at any time within four months prior to the time of the filing of a petition in bankruptcy against him are null and void in case he is adjudged bankrupt, 'where the lien is obtained more than four months prior to the filing of the petition it is not only not to be deemed to be null and void on adjudication, but *its validity is recognized*. When it is obtained within four months the property is discharged therefrom, *but not otherwise*.'" (Italics ours.) *Citizens National Bank* v. *Dasher,* 16 *Ga. App.* 33 (2) (84 S. E. 482).

The rulings in *Light* v. *Hunt,* 17 *Ga. App.* 491 (87 S. E. 763), particularly applicable to the instant case, are quoted as follows: "The service of a summons of garnishment more than four months before a proceeding in bankruptcy is filed creates a lien upon any property, money, or effects of the debtor which may be caught in the hands of a garnishee [citations]. . . Where a summons of garnishment was served more than four months prior to the filing of a petition in bankruptcy, and funds sufficient to extinguish the debt (which was admitted to be just) were subjected by the summons, and a bond was given to release such funds, the condition of the bond being to pay whatever judgment might be rendered against the defendant, and where on the

trial of the case in the superior court it was shown that no judgment was ever given against the defendant, but the plaintiff moved for the allowance of a special judgment against the defendant (the bankrupt), with a perpetual stay of execution against him, and also that judgment be entered up against the sureties on the dissolving bond and the garnishment for the full amount of the claim, *held,* that the court, sitting without the intervention of a jury, erred in refusing to grant this motion of the plaintiff, and in sustaining the defendant's plea that his discharge in bankruptcy was a bar to the action against him and the sureties on the garnishment bond. . . This is true although the claim was scheduled in the name of the plaintiff in the defendant's petition in bankruptcy, the correctness of which was duly verified by the affidavit of the defendant, and the plaintiff had notice of the bankruptcy proceedings, and the defendant thereafter was duly discharged in bankruptcy. [Citations]. . . While there are, of course, differences between attachment cases and cases of garnishment, yet, so far as regards the rendering of a judgment against the defendant (the condition precedent in the dissolving bond), the principle in both classes of cases is the same. See Civil Code, §§ 5113, 5280. [Code of 1933, §§ 8-701, 46-401.] It follows that the decisions bearing on this point in attachment cases, cited above, are good authority for our rulings in the case at bar,—a garnishment case." The court having ordered a perpetual stay of execution against Henley, except as related to the fund impounded by garnishment proceedings, it was not error to overrule the plea in abatement, and to refuse a complete stay of the proceedings.

The motion for new trial avers that the verdict and the judgment based thereon, establishing a special lien on the funds impounded by garnishment, are void or voidable, because the superior court of Lowndes County had no jurisdiction to create a special lien in Tift County. Regardless of the language used, the verdict and judgment did not *create* the lien, because the lien was already in existence. We think that the reference to the "special lien," as used in the verdict and judgment, might well be considered as surplusage, as the verdict and judgment *created* no lien upon the fund impounded. They are but the means of perfecting the lien already created by the service of the summons of garnishment. But in any event no harm therefrom inures to the de-

fendant, because a judgment against both the defendant and the garnishee is demanded, a judgment against the former being a condition precedent to a judgment against the latter. Code, § 46-405. The defendant admitted in his plea in abatement that he owed the plaintiff more than the amount for which judgment was obtained, and averred that he had "filed his voluntary petition in bankruptcy," and "that among the debts scheduled in said schedules of bankruptcy, as filed aforesaid, is one for $3000 plus, in favor of Colonial Stages South Inc., and J. B. Copeland, receiver, et al., plaintiffs in this suit;" and Coleman, the garnishee, in answer to the summons of garnishment, acknowledged liability. Since the defendant and the garnishee acknowledged liability, and since the plaintiff had already acquired an inchoate lien on the fund impounded by garnishment when the summons of garnishment was served on the garnishee, all that remained to be done in order to perfect the garnishment lien was to take a judgment first against the defendant in Lowndes County, and then against the garnishee in Tift County; and the verdict and judgment, creating a perpetual stay of execution against Henley, except as to this garnishment fund, are so framed that they can not be used against the bankrupt defendant; their only use being to enable the plaintiff to perfect the garnishment lien which was already acquired before the judgment in the main suit was rendered. Moreover, if any right of action existed because of the alleged establishment of the "special lien" in the verdict and judgment rendered in Lowndes County, it would be, not in the defendant, but in the trustee in bankruptcy and those claiming under him. See *McKenney* v. *Cheney*, 118 *Ga.* 387 (4) (45 S. E. 433). Neither the general nor the special grounds of the motion show cause for another trial of the case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*