37678. ROQUEMORE *et al. v.* GOLDSTEIN *et al.*

TOWNSEND, Judge. 1. An adjudication in bankruptcy does not automatically void the lien of a garnishment based upon a judgment rendered within four months next prior thereto, but renders it voidable when the conditions of 11 U.S.C.A. §107 (a) are met. *McLean* v. *G. T. Duke Co.,* 95 *Ga. App.* 135 (3) (97 S. E. 2d 537).

2. A bankrupt has the right to assert the invalidity of a lien of garnishment based on a judgment rendered within four months of his adjudication in bankruptcy if property involved is exempt as a homestead and has been set aside to him as such in the bankruptcy proceedings. *Morris Plan Bank of Georgia* v. *Simmons,* 201 *Ga.* 157, 166 (39 S. E. 2d 166); Chicago, B. & Q. R. Co. *v.* Hall, 229 U. S. 511 (33 S. Ct. 885, 57 L. Ed. 1306).

3. However, "cash cannot be set aside as a homestead exemption" under Georgia law. *Posey* v. *Rome Oil &c. Co.,* 157 *Ga.* 44, 52 (121 S. E. 205). Code § 51-601.

4. The lien of a garnishment attaches upon the service of a summons of garnishment on indebtedness existing at that time, and, as to future indebtedness embraced within the summons, it attaches immediately upon the accruing of the indebtedness. *Owenby* v. *Wager,* 64 *Ga. App.* 433, 435 (13 S. E. 2d 686); Code § 46-203.

5. The trustee in bankruptcy, or, if no trustee, the referee (Sample *v.* Jackson, 225 N. C. 380, 35 S. E. 2d 236) may exempt property to the bankrupt as a homestead only in accordance with the law of the state in which the bankruptcy proceedings are instituted, and, where property is attempted to be so set aside, but for lack of compliance with state law no valid homestead is created, the action is merely res judicata of the fact that the trustee did not administer it as a part of the bankrupt's estate for the benefit of his creditors, but as to creditors who have a lien against such property or fund the attempt to set the homestead aside is ineffectual for that purpose and does not become res judicata that the property is in fact exempt. Shipman *v.* Fitzpatrick (Mo.) 164 S. W. 2d 912; Thomas *v.* Speck, 47 Cal. App. 2d 512 (118 P. 2d 365); Lynch *v.* Stotler, 215 F. 2d 776; In re Ogilvie, 5 Am. Bankruptcy Reports, 374.

6. Applying the foregoing law to the facts of this case it appears that Goldstein and Gordon, d/b/a Prior Tire Company, obtained a judgment against Charles Edward Roquemore at the December term of the Civil Court of Fulton County and filed a garnishment against his employer on December 5, 1957. The garnishee made answer showing an indebtedness of $200.16 on March 17, 1958, and on the same date Roquemore filed his voluntary petition and was adjudicated a bankrupt in the U. S. District Court for the Northern District of Georgia. The bankrupt claimed this fund as a homestead and the referee set it aside to him as such. On June 30, 1958, he was discharged in bankruptcy. Roquemore filed a petition for perpetual stay of execution in the Civil Court of Fulton County and, on the hearing, introduced the discharge in evidence. The court denied his motion to dismiss and after hearing evidence entered judgment in favor of the plaintiffs against Roquemore and P. E. Thomas, surety in the dissolution bond which the defendant had posted. This judgment was affirmed by the appellate division of that court, and the judgment of affirmance is here assigned as error.

The garnishee, having paid the money into court prior to any notice that the debtor claimed the fund as a homestead exemption is, of course, protected, and in this particular the case differs from *Taylor* v. *Jarrell,* 104 *Ga.* 169 (30 S. E. 675). However, as stated on page 171: "The debtor has the same right to apply for an exemption of a debt garnished after judgment against the garnishee that he would have to apply for a homestead in property after the same had been seized under execution." The situation is accordingly this: if the debtor has under the record in this case, a right to claim the homestead out of the fund paid in by the garnishee he should prevail, otherwise not. As stated in In re Rollins Boot Shop, 24 F. 2d 422: "The trustee takes no title to exempt property. His only power over it is to value it and set it aside. The bankruptcy court has no jurisdiction to administer it otherwise without the bankrupt's consent. On the other hand, the bankrupt has no right to demand an exemption in cash . . . If indivisible town realty must be sold in order to sever the homestead, the cash arising from the sale must be invested . . . *And investment is required if the estate be in cash to begin with.* . . 'In no case shall the allowance

of cash without such investment be a valid exemption.' [Code § 51-601]. *Such investment is not within the province of the bankruptcy court, and must be left to the state tribunal should the bankrupt or his family desire so to perfect the exemption."* (Emphasis added). It follows that, while the debtor here is, under the decree of the bankruptcy court, entitled to a homestead exemption equal to the fund caught in the garnishment proceedings prior to his adjudication in bankruptcy, that fund cannot become a homestead under Georgia law so as to be freed from the lien of the garnishment until it has been converted from money (a commodity in which homestead cannot be acquired) into property, and this must be done by an order of and under the direction of the ordinary of the county of the debtor's residence. When such application is made, and a properly certified copy thereof filed in the court where the garnishment proceeding is pending, the action in the latter court should be stayed pending an order allowing the debtor to invest the money in personal property which may properly be the subject of the homestead exemption (Code § 51-601 supra), the property in which the investment is sought to be made being such as is approved and directed by the ordinary. A properly certified copy of such order, filed in the court where the garnishment proceeding is pending, would necessarily so perfect the homestead sought to be set aside to the debtor by the referee in bankruptcy as to exempt it from the lien of the judgment creditor. So long, however, as it remains merely cash, and no application for investment has been made with the ordinary, it remains a commodity which cannot be the subject of homestead exemption, and therefore, not being exempt and not having been administered as a part of the bankrupt's estate, it is a fund against which a garnishment can legally proceed.

It follows that since this record shows no application by the bankrupt to the ordinary of the county of his residence for direction to invest the fund in personal property, his homestead exemption was not valid, and the trial court properly found the fund subject to the garnishment.

*Judgment affirmed. Felton, C. J., Carlisle, Quillian and Nichols, JJ., concur. Gardner, P. J., dissents.*

DECIDED OCTOBER 29, 1959.

*Miles B. Sams,* for plaintiffs in error.

*Marvin P. Nodvin,* contra.

GARDNER, Presiding Judge, dissenting. At the December term, 1957, of the Civil Court of Fulton County, Abe and Leon Goldstein, d/b/a Prior Tire Company, obtained a judgment against the defendant Charles Edward Roquemore for $177.95 principal, $24.92 interest, $26.70 attorney's fees, and $15.50 costs. A summons of garnishment was sued out and served on Paul Thomas, as garnishee, on December 9, 1957. On March 17, 1958, Roquemore was adjudicated a bankrupt, having filed in the U. S. District Court for the Northern District of Georgia, Atlanta Division, his voluntary petition in bankruptcy. On the same date, March 17, 1958, Roquemore filed in said civil court his petition praying for a stay of execution on the judgment against him, alleging his pending bankruptcy proceeding, and prayed for a permanent stay in the event of his discharge in bankruptcy. On March 19, 1958, Roquemore filed a dissolution bond in the garnishment proceedings with P. E. Thomas as surety, claiming as exempt from the U. S. Bankruptcy Law under the Georgia law "$200 withheld by employer from wages and paid into court under garnishment . . . (valuation) $200." Same was awarded to the bankrupt by the referee in bankruptcy, no trustee having been appointed. Thereafter, on October 23, 1958, Roquemore filed his claim to such funds. The case came on for a hearing before the court, without the intervention of a jury. The plaintiff tendered in evidence the judgment, moved for a judgment on the dissolution bond against Roquemore and Thomas, with a perpetual stay of execution as to Roquemore.

Roquemore objected to the introduction of said judgment against him on the ground that he was entitled to a permanent stay on account of his discharge in bankruptcy, rendered June 30, 1958, introducing in evidence in said trial court a certified copy of that judgment. The objection was overruled. A certified copy of such judgment was admitted in evidence. Thereupon Roquemore moved orally that the case be dismissed on the grounds that the court had no jurisdiction of the matter,

the plaintiff having no pleading attacking the allowance of said homestead, since the petition of garnishment was filed and since the adjudication of Roquemore as a bankrupt, and alleged that for those reasons the court had nothing before it except such plea for a permanent stay of execution. The court refused such motion and proceeded with the trial of the case, rendered judgment in favor of the plaintiff and against the defendant, setting out that "the defendant herein having heretofore obtained judgment" for said several sums set out hereinabove and that "summons of garnishment has or was served on the garnishee, Paul Thomas, and that said garnishee has filed his answer admitting an indebtedness due the defendant of $200.60, and no traverse having been filed to same, said sum is hereby adjudged to be subject to the process of garnishment in this case, and judgment is hereby rendered in favor of the plaintiff against said funds answered into court by the garnishee for the sum of $200.60. It further appearing to the court that the defendant in the above stated case has dissolved the garnishment proceeding . . . by giving a dissolution bond . . . for the sum of $177.95 principal, $22.65 interest and $ . . . costs, which said sums were answered by the garnishee as due the defendant and adjudged by this court to be subject to the process of garnishment in this case. Otherwise than for the special judgment herein rendered, a perpetual stay is hereby granted as to the judgment in the main case . . . This the 10th day of November, 1958."

The record of this case before this court shows a money judgment in favor of the defendants in error against Roquemore. The record fails to disclose any suit upon a homestead waiver note or written evidence of indebtedness waiving homestead and exemption rights on Roquemore's part.

To the judgment above quoted the defendant Roquemore assigned error and moved for a new trial, as provided under the rules and law as applied to the Civil Court of Fulton County. The Appellate Division of said Civil Court of Fulton County approved the ruling of Chief Judge Parker, and to this order and final judgment the defendant "then and there excepted, and now excepts, and assigns error thereon as being contrary to law." It is to this ruling that the case is here for review.

Paul Thomas also is named a party plaintiff in the bill of exceptions to this court.

The plaintiff obtained a money judgment against the defendant Roquemore in the Civil Court of Fulton County. The record does not disclose that the judgment was based upon any homestead waiver note. The plaintiff obtained said judgment in December 1957 and during the same month sued out a garnishment against Paul Thomas, Roquemore's employer, and thereby tied up $200.60 in wages, ordinarily due the defendant Roquemore. In March 1958, and within four months from both the filing and service of the garnishment and the obtaining of the judgment against Roquemore, the latter was adjudged a bankrupt. In his voluntary petition he listed the judgment in favor of the plaintiff and also claimed as exempt under the Georgia homestead and exemption laws the said $200.60. Roquemore also made a dissolution bond. He was discharged a bankrupt. The referee, no trustee having been appointed, set aside said $200.60 to Roquemore.

My opinion is that this case is controlled by the following decisions of the appellate courts: In *Barnes* v. *Snyder*, 33 *Ga. App.* 501 (2) (126 S.E. 863), this court said: "A lien arising by virtue of service of summons of garnishment issued upon a suit instituted against an insolvent defendant within four months prior to the filing of a petition in bankruptcy by or against the defendant, who was adjudged a bankrupt, is, under § 67, subsections c and f, null and void, since the existence and enforcement of such a lien by the plaintiff would work a preference. Where such garnishment has been dissolved and the fund received by the defendant, who is the principal on the dissolution bond, he may nevertheless obtain a perpetual stay of a judgment against him in behalf of the plaintiff upon the bond." See also the cases cited in headnote 2 of the *Barnes* case. The judgment being within four months of the filing of the bankruptcy, the surety on the bond was released. See *Alvaton Mercantile Co.* v. *Caldwell*, 156 *Ga.* 317 (119 S. E. 25).

In *Posey* v. *Rome Oil &c. Co.*, 157 *Ga.* 44 (121 S. E. 205), it appeared that the judgment against Posey, who was adjudged a bankrupt, was based on a suit on a homestead exemption

note. In that case the trustee set aside the money, as did the referee here, it being less than $300, and the court ruled that such money cannot be set aside against a waiver note. See also *Arnwine* v. *Beaver,* 134 *Ga.* 377 (67 S. E. 937).

A bankruptcy court, it was held in *Barrett & Caswell* v. *Durham,* 80 *Ga.* 336 (5 S. E. 102), may deal with a homestead exemption claimed in such proceedings just the same as if the exemption had been set aside by an ordinary in a state court.

The referee may set aside exemption where no trustee has been appointed in the proceedings, as was ruled in *Martin* v. *Citizens Bank,* 170 *Ga.* 180 (2) (152 S. E. 234).

I think that the provisions of Code § 51-601, dealing with short or statutory homestead exemptions, prevent the setting aside of money. See the case of *Dickens* v. *Breedlove,* 34 *Ga. App.* 459 (129 S. E. 886), relied upon by the plaintiff, holding that money may not be set aside, in which case it clearly appears that the judgment was predicated on a suit on a promissory note containing a *homestead waiver,* against which this exemption was not good.

There is nothing to the contrary of what I am holding here in the case sub judice in *Henley* v. *Colonial Stages South,* 56 *Ga. App.* 722 (193 S. E. 905), nor in *McLean* v. *G. T. Duke Co.,* 95 *Ga. App.* 135 (97 S. E. 2d 537), both strongly relied on by counsel for the plaintiff.

It is said that money must be turned over to the trustee and by him distributed to all the creditors of the bankrupt filing claims, even though the bankrupt is a case where the judgment is not predicated upon a homestead or an exemption waiver. In the recent case of *Lyle* v. *Roswell Store, Inc.,* 187 *Ga.* 386 (200 S. E. 702), the court held: "When the property is set apart as exempt, the court of bankruptcy exhausts its jurisdiction over the property, and it remains the property of the bankrupt, unaffected by the bankruptcy proceedings. *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150); *Saul* v. *Bowers,* 155 *Ga.* 450 [117 S. E. 86 and citation] . . . *Taylor* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386)." A discharge in bankruptcy will affect a lien of general judgment which was obtained more than four months before the filing of the petition in bankruptcy as

to property then owned by the bankrupt and set apart by the bankruptcy court. See *Georgia Securities Co.* v. *Prim,* 191 *Ga.* 267 (11 S. E. 2d 885) and *Pass* v. *Pass,* 195 *Ga.* 155 (2) (23 S. E. 2d 697).

The cases of *Rosser, Harvey & Davis* v. *Florence,* 119 *Ga.* 250 (45 S. E. 975) and *Arnwine* v. *Beaver,* 134 *Ga.* 377, supra, are not contrary to the holding in the present case, as I view this case. In these cases the judgments were on homestead waivers.

It has been held that property may be set aside as homestead on money arising from sale of property. See *Dearing* v. *Thomas,* 25 *Ga.* 223, and *Maxey, Jordan & Co.* v. *Loyal,* 38 *Ga.* 531.

The provisions of Code § 51-601 providing that cash cannot be set aside to the bankrupt as a homestead exemption (not converted to statutory exempted personal property) deal with statutory homesteads only.

The exhaustively written decision of *Morris Plan Bank of Georgia* v. *Simmons,* 201 *Ga.* 157 (39 S. E. 2d 166), written by Chief Justice Bell, held that: "Under section 67 (f) of the Bankruptcy Act of 1898, as amended June 22, 1938, the filing of a petition in bankruptcy, followed by an adjudication, does not automatically nullify a lien obtained through legal proceedings within four months before the filing of such petition, but such lien is merely voidable, and must be treated as valid, unless it is attacked in an appropriate manner by the trustee in bankruptcy acting for the benefit of creditors, or by some other person having a right as against it under the Bankruptcy Act." This ruling is not in conflict with what we now hold. That was a case by the garnishees who had failed to answer, and the creditor of the bankrupt who held a homestead waiver note judgment. The Supreme Court stated on p. 166 of that same case "that the bankrupt may assert its invalidity as respects property set apart to him as exempt in the bankruptcy proceedings. Chicago, B. & Q. R. Co. *v.* Hall, 229 U. S. 511 (33 S. Ct. 885, 57 L. Ed. 1306). But the lien is not avoided for the benefit of the bankrupt save as to his exempt property or nullified as respects other lienors or third parties . . . Nor are we concerned here with any right of the bankrupt, for it does

not appear that the debt owed to him by the garnishees was set apart to him as an exemption. Furthermore, he is not complaining." I believe In re Rollins Boot Shop, 24 F. 2d 422, sustains the position I have taken. Certainly that case is not contrary to my holding.

I think that the court below erred in holding that, there being no trustee, the referee in bankruptcy could not allow this exemption, thus ruling in effect as if the judgment were based on a homestead waiver note, and against the bankrupt, and that the Appellate Division of the Civil Court of Fulton County erred in approving the judgment and ruling of the trial judge. I am firmly of the opinion that a new trial should have been granted.