38774. LOU HILL COMPANY v. BJORALT *et al.*

Decided April 25, 1961.

566

*Young, Hollis & Moseley,* for plaintiff in error.

*Swift, Pease, Davidson & Chapman, Ray, Owens, Keil & Thornton, Beverly R. Keil,* contra.

JORDAN, Judge. The facts in this case are similar to the factual situation presented in the case of *Roquemore v. Goldstein,* 100 Ga. App. 591 (112 S. E. 2d 24), a case cited and relied upon by both of the parties in this case. In the *Roquemore* case the plaintiff had obtained a judgment against the defendant Roquemore and subsequently filed a garnishment against his employer on December 5, 1957. The employer (garnishee) made an answer on March 17, 1958, showing an indebtedness to Roquemore in the amount of $200.16, and on the same date Roquemore filed his voluntary petition and was adjudicated a bankrupt in the United States District Court. The bankrupt claimed this amount of money as a homestead and the referee set it aside for him as such. Upon his discharge in bankruptcy on June 30, 1958, Roquemore filed a petition for stay of execution and on the hearing introduced in evidence the discharge in bankruptcy. The court denied his motion to dismiss and entered a judgment in favor of the plaintiffs against Roquemore and his surety on the dissolution bond which he had posted. This judgment of the Civil

Court of Fulton County was affirmed by the appellate division of that court and on appeal to this court was affirmed in an opinion written for the court by Judge Townsend. In the *Roquemore* case the bankrupt defendant relied entirely upon his discharge in bankruptcy as the record in that case did not show that an application had been made by the bankrupt to the ordinary of the county of his residence for direction to invest the funds in personal property.; Judge Townsend pointed out that since cash cannot be set aside as a homestead exemption under Georgia law, the purported exemption was therefore not valid, and the funds were subject to garnishment by the judgment creditor. The opinion went further and stated (p. 593): "It follows that, while the debtor here is, under the decree of the bankruptcy court, entitled to a homestead exemption equal to the fund caught in the garnishment proceedings prior to his adjudication in bankruptcy, that fund cannot become a homestead under Georgia law ·so as to be freed from the lien of the garnishment until it has been converted from money (a commodity in which homestead cannot be acquired) into property, and this must be done by an order of and under the direction of the ordinary of the county of the debtor's residence. When such application is made, and a properly certified copy thereof filed in the court where the garnishment proceeding is pending, the action in the latter court should be stayed pending an order allowing the debtor to invest the money in personal property which may properly be the subject of the homestead exemption (*Code* § 51-601, supra), the property in which the investment is sought to be made being such as is approved and directed by the ordinary. A properly certified copy of such order, filed in the court where the garnishment proceeding is pending, would necessarily so perfect the homestead sought to be set aside to the debtor by the referee in bankruptcy as to exempt it from the lien of the judgment creditor. So long, however, as it remains merely cash, and no application for investment has been made with the ordinary, it remains a commodity which cannot be the subject of homestead exemption, and therefore, not being exempt and not having been administered as a part of the bankrupt's estate, it is a fund against which a garnishment can legally proceed."

In the case under consideration the bankrupt defendant went a step further than the defendant in the *Roquemore* case and did file an application with the ordinary of the county of his residence for the purpose of investing said sum, under the direction of the ordinary, in articles of personal property which are exempt under the laws of the State of Georgia. This application was made pending the bankruptcy proceedings in the United States District Court and prior to his discharge in bankruptcy. A certified copy of this application, along with a certified copy of the discharge in bankruptcy, was attached as an exhibit to the petition filed by the defendant on December 10, 1960, in the municipal court, which petition as amended prayed for the court to direct the garnishee bank to turn over said funds to the Ordinary of Muscogee County to be invested under his direction in articles of personal property which are exempt under the laws of the State of Georgia. Under the decision in the *Roquemore* case this was sufficient action on the part of the bankrupt defendant to stay the garnishment proceedings in the municipal court pending an order allowing the investment of the money in personal property.

Also attached to the defendant's petition referred to above was the order of the ordinary dated October 12, 1960, the same date on which the application was filed with the ordinary. From an examination of the application itself and the order filed by the ordinary it is apparent on the face of same that the provisions of *Code* §§ 51-201, 51-301, 51-302 and 51-303 were not complied with. These sections relate to the schedule to be attached to such application, the notice to be published by the ordinary, the notice to be given creditors by the applicant or his agent, and the time of hearing the application. It is earnestly contended by counsel for Bjoralt that the provisions of these Code sections are not applicable in this case and that the bankrupt defendant need not comply with same in order to perfect the exemption which had been set aside by the referee in bankruptcy. With this contention we cannot agree. The action of the referee, as pointed out in the *Roquemore* case, did not set up a valid exemption and his action was "merely res judicata of the fact that the trustee did not administer it as a parrt of the bankrupt's estate for the

benefit of his creditors." *Roquemore v. Goldstein*, 100 Ga. App. 591 (5), supra. Therefore, there was no valid homestead exemption in such funds and they would be subject to the lien of the garnishment unless some further action was taken by the bankrupt in the court of ordinary. Under such a situation it is apparent that creditors of the bankrupt would be entitled to a notice that the bankrupt was proceeding in the court of ordinary to have such funds withdrawn from the operation of such a lien. Without notice of such proceedings a creditor might attempt to assert his lien against such funds only to find that the bankrupt defendant had previously instituted the necessary proceedings in the court of ordinary, thereby defeating his lien and casting him with the costs and expenses of the litigation. We therefore hold that under the facts in this case a bankrupt defendant in perfecting his exemption of money set aside to him in a bankruptcy proceeding must comply with the provisions of *Code* § 51-601 and the sections mentioned above.

Since the sections relative to the published notice and the notice to creditors were not complied with, it follows that the order of the ordinary dated October 12, 1960, the same date the application was filed, was null and void. The record showing, however, that an application had been made to the ordinary and that a certified copy of such application was filed in the court where the garnishment proceedings were pending, is sufficient to afford the bankrupt defendant a stay of the garnishment proceedings. Any defect in the application itself may be cured by amendment at any time prior to the final proceedings before the ordinary. *Code* § 51-201 (3).

The judgment of the municipal court is therefore reversed with the direction that the garnishment proceedings be reinstated in that court pending the completion of the proceedings in the court of ordinary in compliance with the Code sections relative to the establishment of a homestead.

*Judgment reversed with direction. Townsend, P. J., Carlisle and Frankum, JJ., concur.*